STATE OF NEBRASKA, PLAINTIFF IN ERROR, v. CHARLES HUTTER, DEFENDANT IN ERROR.

16 N. W. 2d 176

FILED NOVEMBER 3, 1944. No. 31878.

*Walter R. Johnson, Attorney General, H. Emerson Kokjer, Rush C. Clarke, Kelso Morgan* and *C. E. Walsh,* for plaintiff in error.

*Eugene D. O'Sullivan, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

By permission of this court, pursuant to sections 29-2314, 29-2315 and 29-2316, Comp. St. 1929, the state of Nebraska, by its attorney general and the county attorney

of Douglas county, filed a bill of exceptions in the above entitled cause in this court to obtain a decision upon questions therein presented.

The proceedings, out of which these exceptions arise, were originally instituted in the county court of Douglas county.

On December 6, 1943, a complaint was filed in the county court charging the defendant, Charles Hutter, with murder in the second degree arising out of the death of Grant Fallon on December 5, 1943. Preliminary hearing was had and on December 17, 1943, defendant was bound over to the district court. Information was then filed in the district court on December 20, 1943, charging the same offense.

On March 3, 1944, complaint was filed in the county court charging the defendant with murder in the first degree for the death of Grant Fallon on December 5, 1943. Preliminary hearing was had and he was bound over to the district court on March 18, 1944. Information was then filed in the district court on March 24, 1944, charging the same offense.

At the time the defendant was tried in the district court on the information charging murder in the first degree, and after a jury had been impaneled and the state had offered its evidence, the defendant made a motion "to either dismiss this action or reduce the charge stated in the Information," for the reasons set forth in the motion. Ruling thereon was reserved until all of the testimony had been submitted. At the conclusion of all the testimony the motion was renewed and the court sustained the motion to dismiss as to murder in the first and second degree but submitted manslaughter. At the same time an order was entered dismissing the information of murder in the second degree. See Comp. St. 1929, sec. 29-1801.

After the jury had been out 21½ hours and were unable to agree on a verdict, with the consent of both the state and defendant, the jury were discharged and cause continued for further proceeding.

On July 11, 1944, the defendant filed a plea in bar as to murder in the first and second degree and manslaughter based on the proposition that in the previous trial he had been lawfully acquitted thereof and setting forth his reasons therefor. The state filed its answer thereto and hearing was had thereon. On July 12, 1944, the defendant's plea in bar as to first and second degree murder was sustained but the same plea as to manslaughter was overruled and the defendant was ordered to be tried on the charge of manslaughter.

The state then made a motion for continuance which was sustained and the matter of defendant's trial continued to October 16, 1944. In its motion for continuance the state sets forth the reasons therefor. They are in part as follows:

"2. That the State is very seriously and earnestly of the opinion and respectfully suggests to the Court the possibility that the Court erred in sustaining the Plea in Bar heretofore mentioned, and desires, if possible, to bring proceedings in the Supreme Court of Nebraska either by exceptions in the manner provided by law or by error proceedings or by appeal if it be determined that the order of this Court entered upon the Plea in Bar is a final order subject to review, and to secure the judgment and opinion of the Supreme Court upon the questions presented by said Plea in Bar and the Answer thereto, prior to the trial of this cause.

"3. * * * and that this Court could then, if it were so advised, set aside the judgment it has entered upon the Plea in Bar in this case."

Likewise, on page 70 of its brief the state says, " * * * we do have here an opportunity to have the law settled before the case comes on for retrial in the lower court."

Section 29-2316, Comp. St. 1929, provides as follows: "The judgment of the court in the case in which the bill was taken shall not be reversed nor in any manner affected; but the decision of the supreme court shall determine the law to govern in any similar case which may be pend-

ing at the time the decision is rendered, or which may hereafter arise in the state."

The attorney appointed by the trial judge has by motion to dismiss raised the question of whether or not a final order must be entered in the proceedings below before the matter can be brought here by exceptions under our statutes.

Whether or not the rendition of a final judgment was, in the contemplation of the legislature, to precede the filing of the bill of exceptions is not entirely clear from the act. No reason is suggested or presents itself why the bill of exceptions should be permitted to be filed before the prosecution is ended. Since the decision is not to reverse or in any manner affect the judgment in the case in which the exceptions are taken, the court may require a final order if it can in no other way make sure that its decision will in no manner violate the legislative mandate. That would appear to be the better practice.

We adopted our statutory criminal procedure from Ohio. At the time of its adoption Ohio had the same statutes in force. In subsequently interpreting this act in *State v. Dickerson*, 73 Ohio St. 193, 76 N. E. 864, it was given a construction in accordance with our interpretation. Subsequently, after the act had been amended but for other reasons, Ohio declared the act unconstitutional. See *Eastman v. State*, 131 Ohio St. 1, 1 N. E. 2d 140.

To hear the matters herein presented would, in effect, determine the rights of the defendant in this action when he is neither a necessary nor proper party in the proceeding. That is not the purpose nor within the contemplation of the legislative act. Under the special proceedings provided by these statutes (sections 29-2314, 29-2315 and 29-2316, Comp. St. 1929) it would appear to be the better rule that generally this court require that a final order or judgment completely disposing of the case shall have been entered below before we will decide any questions therein presented, unless it is clearly shown by the record that the decision can in no manner reverse or affect the case in which the bill was taken.

The state and the attorney appointed by the trial judge have filed printed briefs. That is a proper procedure under this special proceeding. These briefs discuss interesting questions of law. However, they will not be discussed here because their answer might reverse or affect the action which is now pending in the district court for Douglas county awaiting final determination. Further, they may be presented here when a final disposition of the case has been made.

For the reasons stated the motion to dismiss is sustained.

DISMISSED.