STATE OF NEBRASKA, APPELLANT, V. MARVIN EDWIN
TAYLOR, APPELLEE.

136 N. W. 2d 179

Filed July 9, 1965. No. 35930.

Paul L. Douglas, William D. Blue, and Ronald D. Lahners, for appellant.

John McArthur, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

On May 9, 1964, a jury returned a verdict of guilty against the defendant in a prosecution on information for assault with intent to rob in Lancaster County, Nebraska, on January 11, 1964. On August 19, 1964, the district court sustained a motion for a new trial, not stating any specific grounds upon which the motion was sustained. By permission of this court appeal by the county attorney was allowed under the provisions of sections 29-2315.01 to 29-2316, R. R. S. 1943.

A preliminary question presented by the record is whether or not a final order must be entered in the case below before the matter can be brought here on appeal. The State seeks to reverse the order granting a new trial and reinstate the verdict of guilty.

Section 29-2315.01, R. R. S. 1943, in pertinent part is as follows: "The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket error proceedings which the county attorney intends to make to the Supreme Court with reference to the rulings or decisions of which complaint is made. * * * The county attorney shall then present such application to the Supreme Court within *one month from the date of the final order,* * * * and otherwise proceed to obtain a review of the case in the Supreme Court as provided in section 25-1912." (Emphasis supplied.)

Section 29-2316, R. R. S. 1943, provides as follows: "The judgment of the court in any action taken under the provisions of this act shall not be reversed nor in any manner affected where the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the Supreme Court shall determine the law to govern *in any similar case which may be pending at the time the decision is rendered, or which may thereafter arise in the state.* Where the decision of the Supreme Court *establishes that the final order of the*

*trial court was erroneous, and the defendant had not been placed legally in jeopardy* prior to the entry of such erroneous order, the trial court may upon application of the county attorney issue its warrant for the rearrest of the defendant and the cause against him shall thereupon proceed in accordance with the law as determined by the decision of the Supreme Court." (Emphasis supplied.)

These statutes are in harmony with section 25-1912, R. R. S. 1943 (expressly referred to in section 29-2315.01, R. R. S. 1943), which also provides that an appeal, to be taken, must be from a judgment entered or final order made.

By their terms, these statutes do not permit an appeal by the State from any interlocutory ruling of the trial court in a criminal proceeding. Such an interpretation would permit piecemeal review, create chaos in trial procedure, and destroy the orderly and expeditious trial of criminal cases. The statute provides for a determination of such questions on appeal to this court after a "final order" has been entered by the trial court. This is what the statute says and we see no need to resort to any of the rules of statutory construction applicable to conflicting or ambiguous statutes. To hold otherwise would be to hold that the Legislature intended that a succession of appeals could be granted in the same case to secure advisory opinions to govern the further action of the trial court. This flies in the face of reason, considerations of sound judicial procedure, and the plain words of the statute.

This court has held repeatedly that an order is final only when no further action is required to dispose of the cause pending and that when the cause is retained for a new trial or further action to dispose of it, the order is interlocutory and not final. Otteman v. Interstate Fire & Cas. Co., Inc., 171 Neb. 148, 105 N. W. 2d 583; Merle & Heaney Mfg. Co. v. Wallace, 48 Neb. 886, 67 N. W. 883; Continental Trust Co. v. Peterson, 76 Neb. 411, 107 N. W. 786, on rehearing, 76 Neb. 417, 110 N. W. 316;

Wunrath v. Peoples Furniture & Carpet Co., 98 Neb. 342, 152 N. W. 736; Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497; Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808; Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385.

It is apparent that an order setting aside a verdict and requiring a retrial does not dispose of the cause. Specific holdings that an order sustaining a motion for a new trial is an interlocutory order and not final are Otteman v. Interstate Fire & Cas. Co., Inc., *supra;* Artman v. West Point Mfg. Co., 16 Neb. 572, 20 N. W. 873; Rose v. Dempster Mill Mfg. Co., 69 Neb. 27, 94 N. W. 964; and Wunrath v. Peoples Furniture & Carpet Co., *supra.*

Even though the Legislature made such an interlocutory order appealable in civil cases, our court recently held that this in nowise changed the interlocutory nature of the order. In Otteman v. Interstate Fire & Cas. Co., Inc., *supra,* we said: "This provision was in nowise declaratory of an intent to change the character of an order sustaining a motion for new trial as defined by this court from an interlocutory to a final order, although it did make such an order appealable. Such an order retained its character as an interlocutory order. *All that the statute did was to grant the right of appeal from such an interlocutory order.*" (Emphasis supplied.)

Our research has revealed no decisions under the present statute or its predecessors (section 29-2316, R. S. 1943; section 29-2316, Comp. St. 1929; section 10194, C. S. 1922; section 9187, R. S. 1913), in which an appeal was entertained from other than a final order in the nature of an acquittal, the sustaining of a motion to quash, or the like. In State v. Hutter, 145 Neb. 312, 16 N. W. 2d 176, the State attempted to appeal under the prior statute, section 29-2316, Comp. St. 1929. The statute at that time was silent as to any requirement of a final order prior to an appeal by the State in a criminal case. The district court, on motion, had dismissed in a homicide

case as to murder in the first and second degree and submitted the charge of manslaughter. The jury disagreed and the cause was continued for retrial. The court then sustained a plea in bar to the first and second degree murder charges, and the State was granted a continuance and appealed to the Supreme Court. This court said: "Whether or not the rendition of a final judgment was, in the contemplation of the legislature, to precede the filing of the bill of exceptions is not entirely clear from the act. No reason is suggested or presents itself why the bill of exceptions should be permitted to be filed before the prosecution is ended. Since the decision is not to reverse or in any manner affect the judgment in the case in which the exceptions are taken, the court may require a final order if it can in no other way make sure that its decision will in no manner violate the legislative mandate. That would appear to be the better practice. * * * To hear the matters herein presented would, in effect, determine the rights of the defendant in this action when he is neither a necessary nor proper party in the proceeding. That is not the purpose nor within the contemplation of the legislative act. Under the special proceedings provided by these statutes (sections 29-2314, 29-2315 and 29-2316, Comp. St. 1929) it would appear to be the better rule that generally this court require that a final order or judgment completely disposing of the case shall have been entered below before we will decide any questions therein presented, unless it is clearly shown by the record that the decision can in no manner reverse or affect the case in which the bill was taken."

The court, in the Hutter case, read into the statute the requirement of a final order as a condition of appeal. The successor and present statute expressly requires a final order as a condition precedent for an appeal without qualification. The change in the statute, after the opinion in the Hutter case, expressly requiring a final order is a further manifestation of legislative intent not

to permit the type of piecemeal review that is sought in this case.

The analogy of the Hutter case is compelling. As we view it, there is no significant difference between the two statutes that could change the reasoning in the Hutter case requiring a final order. We point out further that, within the meaning of section 29-2316, R. R. S. 1943, *the defendant had been placed in jeopardy.* The fact that the sustaining of the motion for new trial destroyed any claim of double jeopardy on retrial does not alter the fact that he had been "placed legally in jeopardy" in the trial of the case. It seems to us the meaning of the statute is clear. A purpose of the appeal by the State in this case is to secure a determination that would control the trial court's ruling as to admissibility of a confession and other evidence in the new trial. In the absence of a final order or judgment such a determination by this court could not only affect similar cases, or cases "which may thereafter arise," but might affect the rights of the defendant in this case in violation of the legislative mandate. This is so because if this court determined that the district court was in error in granting the motion for new trial, the case is still pending in district court and the district court would have no recourse but to overrule the motion for new trial. This, of course, would amount to a reinstatement of a guilty verdict after the court had set it aside. We know of no authority for such a procedure. It is plain by its order sustaining the motion for new trial that the district court has and is retaining full jurisdiction of the cause the same as if it had never been tried. The effect of the appeal, if honored in this case, would be to hold that both this court and the district court had concurrent jurisdiction of the case at the same time, which in some fashion would vest authority in this court to order specific rulings on the admissibility of evidence and other questions during the time the trial was pending in the district court. Following the theory of the

State, we know of no limit to the possible number of appeals that could be taken by the simple expedient of the trial court granting successive motions for new trial or for a continuance, as in the Hutter case. These statutes cannot be construed to set up a hide-and-seek game between the trial and the appellate courts. The delay in the final disposition of a criminal case alone resulting from such a construction would substantially and adversely affect the rights of the defendant.

The only area the statute permits the rights of an accused to be affected is where he has been, pursuant to a final order in the case, discharged *prior to having been put in jeopardy,* a situation not present here. See § 29-2316, R. R. S. 1943.

Sections 29-2315.01 to 29-2316, R. R. S. 1943, have for their purpose the securing of decisions from this court on questions of law for use in similar or subsequent cases. They do not have for their purpose the securing of advisory opinions or rulings that will control the rulings or disposition of the same case while pending in district court, except only to the limited extent therein provided and only after a final order has been entered discharging the defendant prior to the time he has been placed in legal jeopardy.

For the reasons given the appeal in this case is dismissed.

APPEAL DISMISSED.