STATE OF NEBRASKA, APPELLANT, V. EARL E. WEIDNER, APPELLEE.

219 N. W. 2d 742

Filed June 27, 1974.   No. 39288.

Ralph M. Anderson, Jr., for appellant.

Moyer & Moyer, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

BUCKLEY, District Judge.

This is an error proceeding brought by the county attorney of Burt County, Nebraska, pursuant to section 29-2315.01, R. R. S. 1943.

In 1966, the defendant was convicted in Platte County,

Nebraska, of operating a motor vehicle while under the influence of alcoholic liquor. On May 8, 1973, he was convicted in the county court of Burt County for operating a motor vehicle while having ten hundredths of one percent or more by weight of alcohol in his blood. For purposes of the sentence, the county court found that the second conviction was for a second offense, but upon appeal, the District Court for Burt County modified the judgment of the county court by finding and adjudging that the defendant's two convictions were for two separate offenses and that, therefore, the second conviction was for a first offense.

By this proceeding the Burt county attorney asks us to determine whether section 39-727, R. S. Supp., 1972, contains only one crime and whether "operating under the influence of alcoholic liquor or of any drug" and "operating with ten hundredths of one percent of alcohol in his blood" are the same offenses with regard to second and subsequent convictions under the statute.

The defendant moves for a dismissal of the appeal because the application of the county attorney for error proceedings was prematurely made. Defendant was convicted by the District Court on August 24, 1973. The application for error proceedings was presented to the District Court on September 7, 1973, and to this court on September 21, 1973. Defendant was sentenced October 2, 1973, and his motion for new trial was overruled on January 8, 1974.

Section 29-2315.01, R. R. S. 1943, provides in part that: "Such application shall be presented to the trial court within twenty days after the final order is entered in the cause, . . . The county attorney shall then present such application to the Supreme Court within one month from the date of the final order . . ." We have stated before that in a criminal case the final order made by the court below must include a sentence and that the defendant may appeal from the overruling of

the motion for new trial or the imposition of sentence, whichever is the later. Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853. In State v. Taylor, 179 Neb. 42, 136 N. W. 2d 179, we said: "This court has held repeatedly that an order is final only when no further action is required to dispose of the cause pending and that when the cause is retained for a new trial or further action to dispose of it, the order is interlocutory and not final." In State v. Taylor, *supra,* the county attorney brought error proceedings after the District Court sustained a motion for a new trial. Finding that the order granting a new trial was not final and quoting with approval from State v. Hutter, 145 Neb. 312, 16 N. W. 2d 176, we said that " '. . . it would appear to be the better rule that generally this court require that a final order or judgment completely disposing of the case shall have been entered below before we will decide any questions therein presented, *unless it is clearly shown by the record that the decision can in no manner reverse or affect the case in which the bill was taken.*' " (Emphasis supplied.)

Here, if the defendant had been granted a new trial, then clearly the error proceedings must be dismissed, because such an order is not final, and such proceedings would constitute a piecemeal review of the case. State v. Taylor, *supra.* But the defendant's motion for new trial was overruled and he did not appeal. Therefore, any decision on this error proceeding cannot affect the defendant, who has been placed in jeopardy. State v. Taylor, *supra;* § 29-2316, R. R. S. 1943.

The proper practice would be to institute error proceedings after sentence is imposed or the motion for new trial is overruled, whichever is later. However, since our decision here will not affect the defendant and will govern only pending or future similar cases, the motion to dismiss is overruled.

Before 1971, the relevant section of the statute in

question provided: "Any person who shall operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows: . . . ." There followed prescribed penalties depending upon whether the conviction was for a first, second, or third or subsequent offense. § 39-727, R. R. S. 1943.

In 1949, the Legislature enacted section 39-727.01, R. S. Supp., 1949, which provided that in any criminal prosecution for a violation of section 39-727, R. S. Supp., 1949, evidence of the weight of alcohol in the defendant's body fluid gave rise to rebuttable presumptions. If the weight was 0.05 percent or less, the presumption was that the defendant was not under the influence of intoxicating liquor; if the weight was in excess of 0.05 but less than 0.15, there was no presumption at all; if the weight exceeded 0.15, the defendant was presumed to be under the influence of intoxicating liquor. Laws 1949, c. 116, § 2, p. 311.

In 1963, the Legislature enacted this provision: "It is unlawful for any person to drive or be in actual physical control of any motor vehicle within this state when that person has fifteen-hundredths of one per cent or more by weight of alcohol in his or her blood as shown by chemical analysis of that person's blood, spinal fluid, breath, saliva, or urine." Laws 1963, c. 229, § 4, p. 717; § 39-727.14, R. S. Supp., 1963. In 1969, this statute was amended to reduce the prescribed weight of alcohol from 0.15 percent to 0.10 percent. Laws 1969, c. 319, § 2, p. 1160.

Then in 1971, section 39-727, R. R. S. 1943, was amended to read: "Any person who shall operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or while having ten-hundredths of one per cent by weight of alcohol in his blood . . . shall be deemed

guilty of a crime. . . ." At the same time, the Legislature repealed section 39-727.01, R. S. Supp., 1969, dealing with presumptions on weight of alcohol in the body fluid, and section 39-727.14, R. S. Supp., 1969, making it unlawful to drive with, first, 0.15, later 0.10 or more percent weight of alcohol in the blood. Laws 1971, L.B. 948, § 8. Section 39-727.14, R. S. Supp., 1969, was, in effect, transferred to section 39-727, R. S. Supp., 1971.

The defendant argues that when the Legislature added "*or* while having ten-hundredths of one percent by weight of alcohol in his body fluid," a separate and distinct offense was defined in section 39-727, R. S. Supp., 1971. (Emphasis supplied.) He reasons that the facts required to prove the classic indicia of being under the influence of alcoholic liquor — slurred speech, unsteady gait, slowed reflexes, etc. — and the facts required to prove the existence of ten-hundredths of one percent or more by weight of alcohol in the body fluid are totally different and that a person may have the required amount of alcohol in the body fluid and not be "under the influence," and vice-versa. He claims that the conjunctive rather than disjunctive use of the word "or" further demonstrates this.

We have said: "The distinctive characteristics of all liquors is that they contain alcohol, the basis of all intoxicating drinks; that they are capable of being consumed as a beverage; and that when so used, they will produce intoxication to some extent in the usual and common acceptation of the term." Franz v. State, 156 Neb. 587, 57 N. W. 2d 139. See, also, O'Neill v. Henke, 167 Neb. 631, 94 N. W. 2d 322.

In Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56, we approved this instruction: "The meaning of the term 'under the influence of alcoholic liquor' as applied to a person operating a motor vehicle is, if the alcoholic liquor has so far affected the nerves, brain and muscles of the operator of a motor vehicle so as to impair to

any appreciable degree his ability to operate his motor vehicle in the manner that an ordinary prudent and cautious man, in full possession of his faculties would operate the same, then the operator of said motor vehicle is under the influence of alcoholic liquor."

We need only note the amount of motor vehicle travel in Nebraska and the public concern for safety on our highways to conclude that the operation of a motor vehicle, after ingestion of alcohol in an amount sufficient to impair to any appreciable degree the ability to operate a motor vehicle in a prudent and cautious manner, is a wrong injurious to the public which the State in its police power may declare to be a crime and punish accordingly. See Smith v. State, 124 Neb. 587, 247 N. W. 421.

We find the Legislature intended that having ten-hundredths of one percent or more by weight of alcohol in the body fluid appreciably impairs the ability to operate a motor vehicle. It should be noted that we do not pass on the wisdom of the Legislature in setting the prohibited percentage of alcohol by weight at that level, but only its intended effect.

If the Legislature did not intend that the ingestion of the minimum weight of alcohol prescribed will appreciably impair the ability to operate a motor vehicle, then it has not defined a crime at all, a patently unreasonable interpretation. "A statute subject to interpretation is presumed not to have been intended to produce absurd consequences, but to have the most reasonable operation that its language permits." 73 Am. Jur. 2d, Statutes, § 265, p. 434. By specifying the amount of alcohol in percentages of weight of body fluid, the Legislature simply described in an additional way the same unlawful act — driving while under an unnatural influence.

In Commonwealth v. Bishop, 182 Pa. Super. 151, 126 A. 2d 533, the same question was presented regarding

the Pennsylvania statute, which prohibited the operation of a motor vehicle "while under the influence of intoxicating liquor, or any narcotic drug or habit producing drug." The court there said: " 'Here the legislature has not defined three separate crimes; it has denounced one act committed as a result of three different though similar activating conditions. The Act does not define three separate and distinct offenses, i.e., first, operating a motor vehicle under the influence of intoxicating liquor; second, operating under the influence of a narcotic; third, operating under the influence of a habit producing drug. Only one crime is proscribed, i.e., operating a motor vehicle while under the influence of substances which impair the mental and physical faculties of the operator, an impairment produced by means of the ingestion of one or two or all of the substances mentioned. *The gravamen of the offense, the act which the law denounces, is the result, the influence produced by the substances and the operation of a motor vehicle under that influence.' "* (Emphasis supplied.)

In Uldrich v. State, 162 Neb. 746, 77 N. W. 2d 305, it was contended that a different portion of the statute involved here, "to operate or be in the actual physical control of," defined two separate offenses, the word "or" being disjunctive. There we said: "In Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698, this court, quoting from Smith v. R. F. Brodegaard & Co., 77 Ga. App. 661, 49 S. E. 2d 500, said: 'The word "or", when used not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same result, states but a single ground, and not the alternative.' 46 C. J., 1125(4). This rule of construction has been recognized and applied by our courts in both criminal cases and civil cases." (Citing cases.)

"In Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422, this

court, in speaking with reference to section 39-727, R. S. Supp., 1949, which is now section 39-727, R. S. Supp., 1955, said: 'It is noted that the statute defines one crime.' "

We adopt the reasoning in Commonwealth v. Bishop, *supra*, and conclude that section 39-727, R. S. Supp., 1972, defines but one offense, namely, the operation of a motor vehicle while under an unnatural influence. This single unlawful act can be the result of three different conditions: (1) Being under the influence of alcoholic liquor, (2) being under the influence of any drug, or (3) having ten-hundredths of one percent or more by weight of alcohol in the body fluid. It matters not that the facts evidencing each of the three conditions may well be different. Thus, we conclude that any conviction under section 39-727, R. S. Supp., 1972, is a conviction for the same offense.

The judgment of the District Court that defendant's second conviction was for a first offense was erroneous and the exception of the county attorney is sustained.

EXCEPTION SUSTAINED.