STATE OF NEBRASKA, APPELLEE, v. CARL E. SINSEL,
APPELLANT.

543 N.W.2d 457

Filed February 16, 1996.   No. S–95–139.

Charles D. Brewster, of Butler, Voigt & Brewster, P.C., for appellant.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Carl E. Sinsel appeals his conviction for knowingly or intentionally possessing more than 1 pound of marijuana, for which he was sentenced to 2 years' probation.

## ASSIGNMENTS OF ERROR

In this appeal, Sinsel claims that the trial court erred when it failed (1) to dismiss, before trial, the criminal charge against him because a penalty for the same offense had already been imposed upon him by the Nebraska Department of Revenue, and (2) to sustain his motion to suppress certain evidence used against him that Sinsel claims was obtained by law enforcement officers through an illegal search.

## FACTS

At all relevant times involved in this lawsuit, Sinsel was the

sole employee at a landfill site owned by the city of Minden. In June 1993, because he was moving, Sinsel obtained permission from Minden's city administrator, Brenton Lewis, to temporarily store some items of personal property in the shop building at the landfill site. Sinsel was the only employee given permission to store personal items in the building. Among the items Sinsel testified he stored in the shop building was a white electric stove that had an oven with a tinted glass door. Keys to the building were distributed only to Sinsel, Lewis, and the Minden street department. The street department's key would be used by an employee of that department if Sinsel were on vacation or leave.

Early in 1993, Lewis learned that alcohol was being stored on the landfill site. Subsequently, Lewis reported to the Minden City Council, sitting in executive session, the information he had acquired concerning alcohol being stored on city property. The city council ordered Lewis to meet with all city employees and direct them to remove from city property any alcoholic beverages or any other items that should not be stored on city property.

On October 21, Lewis met with virtually all full-time employees of the city of Minden, including Sinsel. He warned the employees that all city property would be searched for alcohol and "anything else that shouldn't be stored there." Prior to the landfill-site search, searches were made of several other buildings owned by the city of Minden.

On the evening of October 28, Lewis, several law enforcement officers, and a drug detection dog searched the landfill-site shop building. Lewis testified he saw the city's front-end loader, an electric stove, a bed, a motorcycle, and various other items in the building. The stove was not plugged into electricity. Lewis testified that he did not know to whom the property belonged. None of the property was tagged or marked with any sort of ownership identification except for the motorcycle, which bore a license plate. Minden's chief of police testified that he did not know whether the license plate was current or to whom it belonged.

During the search, the drug detection dog "hit" three times on the electric stove. This was the only object in the building to

which the drug detection dog reacted. Minden's chief of police participated in the search and testified that he could not see inside the stove's oven because of its tinted glass front. The chief testified he opened the door of the oven and saw a green garbage bag with holes in it. The holes permitted the officer to view the bag's contents without opening the bag. The officer suspected the bag contained marijuana. It was photographed, and a video camera was positioned to film the stove.

The next morning, Lewis telephoned Sinsel at the landfill site and told him that he would be coming out to do the inspection he referred to on October 21. Shortly after Lewis' call, Sinsel was placed under arrest while he was attempting to dispose of the bag of marijuana that had been hidden in the stove. Sinsel was subsequently charged with knowingly or intentionally possessing marijuana weighing more than 1 pound.

Prior to his trial on the marijuana charge, Sinsel moved to suppress as evidence the garbage bag containing marijuana that law enforcement officers found in the stove and any samples taken therefrom as the fruit of an illegal search. After a hearing, the motion was overruled.

On May 6, 1994, the Nebraska Department of Revenue notified Sinsel that pursuant to Neb. Rev. Stat. § 77–4316 (Cum. Supp. 1994), he owed the State $15,511.91 in tax, penalty, and interest for unpaid drug stamp taxes. The State filed a tax lien in its favor with the Kearney County register of deeds against real estate and personal property owned by Sinsel. At trial, the State stipulated that the Nebraska Department of Revenue had withheld Sinsel's 1993 state income tax refund because the drug stamp tax levied against him was still owing.

Before his trial, on July 13, Sinsel filed a plea in bar and motion to dismiss the charges against him. He claimed that because the Nebraska Department of Revenue took action against him for the unpaid tax due on the marijuana involved in this case, any further criminal prosecution by the State for the same conduct would violate the Double Jeopardy Clause of both the U.S. and Nebraska Constitutions. On September 13, the district court overruled Sinsel's plea in bar and motion to dismiss. No appeal was filed until February 10, 1995.

On November 21, 1994, Sinsel was found guilty, after a

bench trial, upon a stipulation of facts. He was sentenced to 2 years' probation and appealed his conviction to the Nebraska Court of Appeals. To adjust the caseloads of the Court of Appeals and this court, we removed the case to our docket for disposition.

## STANDARD OF REVIEW

An issue presented regarding a denial of a plea in bar is a question of law. See *State v. Grimm*, 240 Neb. 863, 484 N.W.2d 830 (1992). Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Skalberg*, 247 Neb. 150, 526 N.W.2d 67 (1995). See *State v. Dake*, 247 Neb. 579, 529 N.W.2d 46 (1995).

A trial court's ruling on a motion to suppress is to be upheld on appeal unless its findings of fact are clearly erroneous. *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994); *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994).

## ANALYSIS

### SINSEL'S DOUBLE JEOPARDY CLAIM

In his first assignment of error, Sinsel claims that the trial court erred when it failed to dismiss, before trial, the criminal charge against him because a penalty for the same offense had already been imposed upon him by the Nebraska Department of Revenue. Sinsel's assigned error presents a question of law, which we review de novo on the record. See *State v. Grimm, supra*.

Before addressing the merits of Sinsel's double jeopardy claim, it is necessary to address the State's contention that this court is without jurisdiction to consider Sinsel's assignment of error challenging the denial of his plea in bar.

The record reflects that on July 13, 1994, Sinsel filed his plea in bar to dismiss the criminal charge on the ground of double jeopardy. On September 13, the trial court issued an order denying Sinsel's plea in bar. Sinsel filed his notice of appeal on February 10, 1995.

The denial of a plea in bar is a final order as defined in Neb. Rev. Stat. § 25-1902 (Reissue 1989). *State v. Lynch*, 248 Neb.

234, 533 N.W.2d 905 (1995). This is especially true in regard to claims of double jeopardy because " 'if a criminal defendant is to avoid exposure to double jeopardy . . . his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.' " (Emphasis omitted.) *State v. Milenkovich*, 236 Neb. 42, 45, 458 N.W.2d 747, 749 (1990) (quoting *Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)).

Because a plea in bar is a final order, Sinsel had 30 days from its denial to file his notice of appeal. See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994). Timeliness of an appeal is a jurisdictional necessity. *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. *State v. Kelly*, 200 Neb. 276, 263 N.W.2d 457 (1978).

Due to Sinsel's procedural default, this court does not have jurisdiction to consider the trial court's final order denying his plea in bar.

### SINSEL'S MOTION TO SUPPRESS

Sinsel claims that the trial court erred in failing to sustain his motion to suppress evidence, the marijuana he was charged with possessing, because the officers illegally searched the stove he stored in the Minden landfill shop building.

To resolve Sinsel's claim of an illegal search, it must first be determined whether Sinsel has standing to raise a U.S. Constitution Fourth Amendment challenge to the officers' search of the stove. The Fourth Amendment protects the right of a person to be secure in his or her person, house, papers, and effects against unreasonable searches and seizures. Capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection of the amendment has a legitimate expectation of privacy in the invaded space. *Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978); *State v. Cortis*, 237 Neb. 97, 465 N.W.2d 132 (1991). A subjective expectation of privacy is legitimate if it is

" ' " 'one that society is prepared to recognize as reasonable.' " ' " *State v. Cortis*, 237 Neb. at 103, 465 N.W.2d at 138. The inquiry, then, is whether Sinsel had a legitimate subjective expectation of privacy in the stove.

The record reflects that the unplugged and dusty stove was stored in the Minden landfill shop building amid numerous items ranging from a tire changer and bedding, to a tree stand, a Foosball machine, and a motorcycle, items that are likely to be found around a landfill site. Sinsel made no effort to mark any of the items stored in the building to indicate that any of them belonged to him. The only item that may have identified the owner was the motorcycle that carried some type of license plate. All the items were accessible to anyone who had a key to the building. In addition to Sinsel, this included Minden's city administrator and personnel of Minden's street department. This, together with the fact that he had not identified the stove as belonging to him, negates his claim that he had an expectation of privacy in the stove where the marijuana was found. Even more importantly, any legitimate expectation of privacy that Sinsel had in the stove was eliminated on October 21, when he, along with other city employees, was told that all city property would be searched for alcohol and "anything else that shouldn't be stored there." Even with that warning, Sinsel did not mark the stove as being owned by him. Because Sinsel did not have a legitimate expectation of privacy in the stove, he lacks standing to assert a Fourth Amendment challenge to the search of the stove by law enforcement officers.

The trial court was not clearly wrong in overruling Sinsel's motion to suppress because the record clearly supports a finding that the search of the stove was lawful.

## CONCLUSION

Because of lack of jurisdiction, we do not address the merits of Sinsel's claim that the trial court erred in denying his plea in bar. The trial court's judgment overruling Sinsel's motion to suppress was correct.

AFFIRMED.