STATE OF NEBRASKA, APPELLANT, V.
MICHAEL J. WIECZOREK, APPELLEE.

565 N.W.2d 481

Filed June 20, 1997.   No. S-96-961.

Robert J. Cashoili, Deputy Hall County Attorney, for appellant.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

Pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), the State appeals from the ruling of the trial court which sustained the motion for directed verdict by appellee, Michael J. Wieczorek, in regard to three counts of a four-count criminal information. We conclude that this court is without jurisdiction in this matter and, accordingly, dismiss the State's appeal.

## FACTUAL BACKGROUND

The State charged Wieczorek in a four-count amended information with second degree assault, use of an explosive to commit a felony, second degree unlawful possession of explosive material, and use of explosives without a permit. A jury trial was held on August 5 and 6, 1996. Proof was adduced at trial that on or about July 8, 1995, Wieczorek constructed an explosive device by placing tissue paper and an M-70 firecracker inside a piece of plastic pipe and sealing the ends of the pipe with a caulking material. While Wieczorek and three friends drove down South Locust Street in Grand Island, Wieczorek lit the fuse and threw his "pipe bomb" out the window of the car. The bomb landed either in a ditch or on the surface of the parking lot adjacent to the ditch. A group of around 20 individuals was congregated in the parking lot at this time, and one individual claimed to have suffered hearing loss as a consequence of the resulting explosion.

At the close of the State's evidence and, again, at the close of all evidence, Wieczorek moved for a directed verdict on all counts. After both parties rested, the trial court did, in fact, direct a verdict in favor of Wieczorek as to count II, use of an explosive to commit a felony, on the basis of insufficiency of the evidence; count III, second degree unlawful possession of explosive material, on the basis of insufficiency of the evidence; and count IV, use of explosives without a permit, on the alternative grounds that Neb. Rev. Stat. § 28-1218 (Reissue 1995) is unconstitutional or, that in any event, the evidence adduced by the State was insufficient for submission of the issue to the jury. The case was submitted to the jury solely on the charge of second degree assault. The jury convicted Wieczorek of the lesser-included offense of third degree assault on August 6, 1996, and

on October 30, he was sentenced to a term of 12 months' probation which included confinement in the county jail for 45 days. In the interim, on August 20, the State filed an application for leave to docket an appeal with reference to the court's directing a verdict in Wieczorek's favor on counts III and IV. Wieczorek did not file a motion for new trial in this matter, and he did not file an appeal after sentence was pronounced on October 30.

## ASSIGNMENT OF ERROR

The State contends that the trial court erred when it found that § 28-1218 violated the 5th and 14th Amendments to the U.S. Constitution and article I, § 3, of the Nebraska Constitution by placing a burden of proof upon the defendant in a criminal case.

## ANALYSIS

Given the obvious issue presented by the timing of the State's application for leave to docket an appeal, it must first be determined whether we have jurisdiction to decide the issue presented in the instant case. It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Trew v. Trew, ante* p. 555, 567 N.W.2d 284 (1997); *State v. McCracken*, 248 Neb. 576, 537 N.W.2d 502 (1995).

In the absence of a specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Baird*, 238 Neb. 724, 472 N.W.2d 203 (1991). "[Section 29-2315.01] thus grants the State the right to seek Supreme Court review of adverse criminal rulings such as those involved in this case, and specifies the special procedure by which to obtain such review." *State v. Baird*, 238 Neb. at 725-26, 472 N.W.2d at 205.

Section 29-2315.01 provides, in pertinent part:

The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made. Such application

shall contain a copy of the ruling or decision complained of, the basis and reasons for objection thereto, and a statement by the county attorney as to the part of the record he or she proposes to present to the appellant court. *Such application shall be presented to the trial court within twenty days after the final order is entered in the cause*, and upon presentation, if the trial court finds it is in conformity with the truth, the judge of the trial court shall sign the same and shall further indicate thereon whether in his or her opinion the part of the record which the county attorney proposes to present to the appellate court is adequate for a proper consideration of the matter. *The county attorney shall then present such application to the appellate court within thirty days from the date of the final order.* (Emphasis supplied.)

Timeliness of an appeal is a jurisdictional necessity. *State v. Sinsel*, 249 Neb. 369, 543 N.W.2d 457 (1996). When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. *Id.*

In this case, the trial court sustained Wieczorek's motions for directed verdict on August 6, 1996, and on that same day, the jury found Wieczorek guilty of third degree assault and the court accepted the jury's verdict. Wieczorek did not file a motion for new trial, and he was sentenced on October 30. However, the State had filed its application for leave to docket an appeal on August 20. Thus, we are confronted with the question whether a *final order* had been entered prior to the date on which the State filed its application for leave to docket an appeal.

In *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742 (1974), the State filed an application to docket error proceedings after the defendant had been convicted, but prior to sentencing and prior to the trial court's ruling on the defendant's motion for new trial. The defendant moved for dismissal of the error proceeding on the grounds that it was brought prematurely. In our analysis, we recognized that " '[t]his court has held repeatedly that an order is final only when no further action is required to dispose of the cause pending and that when the cause is retained for . . . further action to dispose of it, the order is interlocutory and not final.' " *State v. Weidner*, 192 Neb. at 163, 219 N.W.2d

at 743 (quoting *State v. Taylor*, 179 Neb. 42, 136 N.W.2d 179 (1965)). Nevertheless, in *State v. Weidner*, 192 Neb. at 163, 219 N.W.2d at 744, we concluded that

> [t]he proper practice would be to institute error proceedings after sentence is imposed or the motion for new trial is overruled, whichever is later. *However, since our decision here will not affect the defendant and will govern only pending or future similar cases, the motion to dismiss is overruled.*

(Emphasis supplied.)

In *State v. Weidner, supra*, we improvidently relied on *State v. Hutter*, 145 Neb. 312, 16 N.W.2d 176 (1944), wherein the issue presented was whether Comp. Stat. §§ 29-2314 through 29-2316 (1929), the predecessor statutes to § 29-2315.01, required a final order to be entered in the proceeding below before jurisdiction could be perfected in this court. The *Hutter* court concluded that although a final order was not an express statutory requirement, nevertheless, a final order was necessary to perfect appellate court jurisdiction.

> Under the special proceedings provided by these statutes (sections 29-2314, 29-2315 and 29-2316, Comp. St. 1929) it would appear to be the better rule that generally this court require that a final order or judgment completely disposing of the case shall have been entered below before we will decide any questions therein presented, *unless it is clearly shown by the record that the decision can in no manner reverse or affect the case in which the bill was taken.*

(Emphasis supplied.) *State v. Hutter*, 145 Neb. at 315, 16 N.W.2d at 177.

However, in contrast to the *Hutter* court, we now have an express statutory directive that an application for leave to docket an appeal shall only be presented by the county attorney to the trial court within 20 days *after the final order is entered* in a cause. See § 29-2315.01. Where the language of a statute is plain and unambiguous, no interpretation is needed, and a court is without authority to change such language. *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). The Legislature fixed a time for filing an application for leave to docket an appeal in

§ 29-2315.01, and this court has no power to extend that time directly or indirectly. See *State v. Sinsel*, 249 Neb. 369, 543 N.W.2d 457 (1996).

Our reliance in *State v. Weidner, supra*, on *State v. Hutter, supra*, for the conclusion that there is appellate court jurisdiction to consider a premature application to docket error proceedings pursuant to § 29-2315.01 when a decision in the appellate court will not affect the defendant and governs only pending or future similar cases was improvident. This is so because unlike § 29-2315.01, its predecessor statutes did not specify a time within which the State must first submit its application to the trial court and then to this court. Thus, we hold that an order entered during the pendency of a criminal cause is final only when no further action is required to completely dispose of the cause pending. The language of § 29-2315.01 and our holding are consistent with the longstanding principle of avoiding piecemeal appeals arising out of one operative set of facts. To the extent that *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742 (1974), is inconsistent with this holding, it is overruled.

In the instant case, the State had filed its application for leave to docket an appeal on August 20, 1996, during a time in which further action, i.e., sentencing, was necessary to completely dispose of the cause pending in the trial court. Accordingly, the State's application was premature. Because the State failed to comply with the jurisdictional requirements of § 29-2315.01, its appeal must be dismissed.

APPEAL DISMISSED.

WHITE, C.J., participating on briefs.