STATE OF NEBRASKA, APPELLEE, V.
ARLYS ANDERSON, APPELLANT.
672 N.W.2d 254

Filed October 8, 2003.   No. A-02-354.

This opinion has been ordered permanently published by order
of the Court of Appeals dated November 18, 2003.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

HANNON and INBODY, Judges, and BUCKLEY, District Judge, Retired.

HANNON, Judge.

## INTRODUCTION

Arlys Anderson was charged with theft by deception. She moved for a directed verdict based on insufficient evidence and improper venue at the close of the State's case and before final submission of the case to the jury. Her motions were denied, and the case was submitted to the jury. The jury was unable to reach a

decision, and the trial court declared a mistrial. Anderson timely appealed the overruling of her motions for a directed verdict. The controlling issue raised by the briefs is whether an order overruling a motion for a directed verdict is appealable. We conclude that without a verdict of guilty and a sentence, an order denying a motion for a directed verdict at the close of the evidence is not an appealable order. Hence, we conclude that this court does not have jurisdiction; we therefore dismiss without considering whether the evidence introduced at trial was sufficient.

## BACKGROUND

Anderson was charged by information in the district court for Hall County with theft by deception, a Class III felony, prohibited by Neb. Rev. Stat. § 28-512 (Reissue 1995). The information alleged that Anderson stole funds from the Social Security Administration. On January 8, 2002, Anderson pled not guilty to the charge, and a jury trial was held on February 28. The defense moved for a directed verdict at the close of the State's case and, on the next day, at the close of the evidentiary portion of the trial. Both motions were denied. The jury reported that it was deadlocked, and a mistrial was declared. On March 27, before any additional proceedings were had in the district court, Anderson appealed.

Anderson alleges that the trial court erred in overruling her motions for a directed verdict based on insufficiency of the evidence and improper venue. Early on in the appeal process, the State moved for dismissal on the ground of lack of jurisdiction. We dismissed the case; but upon the filing of a motion for rehearing, we concluded that the possible double jeopardy issue, combined with the jurisdictional issue, made the case worth accepting briefs, hearing oral argument, and writing a formal opinion. Therefore, we reversed our dismissal, reserved the jurisdictional question, and allowed the case to proceed. We conclude that the jurisdictional issue is the controlling one.

## STANDARD OF REVIEW

The State asserts that the trial court's order overruling Anderson's motions for a directed verdict is not a final order and, hence, is not an appealable order. Before reaching the legal

issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002).

## ANALYSIS

■ In the "Statement of Jurisdiction" of Anderson's brief, brief for appellant at 1, Anderson's counsel relies on article I, § 23, of the Nebraska Constitution, a provision that guarantees everyone the right to appeal. In a reply brief in answer to the State's position, Anderson's counsel then cites *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994), and argues that it is recognized procedure for a defendant to argue on appeal the merits of a trial court's ruling on a motion for a directed verdict and that the denial of a motion for a directed verdict affects a substantial right. Anderson's counsel further argues that when a motion for a directed verdict is made at the close of the State's case and at the close of evidence, it is proper to cite the denial of a motion for a directed verdict as an error on appeal. Anderson's counsel then asserts that Anderson has a constitutional right to appeal that issue. He also asserts that a correct ruling on the motions for a directed verdict in this case would have prevented judgment. The latter argument is answered by pointing out that a denial, not a grant, of the motions is being appealed and that the rulings denying the motions for a directed verdict did not prevent judgment, but, rather, were a step in the process toward a final judgment. A hung jury prevented the trial from resulting in a final judgment, but by so doing, the jury did not prevent a final judgment from being entered upon retrial.

When summarized, Anderson's counsel's argument amounts to an assertion that Anderson's right not to be put in double jeopardy can be protected only by allowing her to appeal in the manner in which she appealed in this case. We think Anderson's position to be fallacious because at the very least, it misidentifies her procedural position and ignores longstanding appellate procedure.

■ In the case at hand, Anderson seeks to appeal from a case which was not concluded and from a ruling denying a motion for a directed verdict. A ruling is final only when no further action is required to completely dispose of the cause pending. See *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997)

(order granting motion for directed verdict on one count was not final, and case is not appealable until final order is entered).

We realize that a motion for a directed verdict at the close of the State's case, followed by a similar motion at the close of evidence, is a common, if not almost universal, practice. However, Anderson's counsel has cited no case in which the Nebraska Supreme Court has considered the appealabilty of a motion for a directed verdict made after a jury became deadlocked, nor one that otherwise considers double jeopardy in the face of a claim that the evidence at a first trial was legally insufficient. We have found a case wherein the U.S. Supreme Court considered such issues. See *Richardson v. United States*, 468 U.S. 317, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984) (where trial court granted mistrial because of hung jury, Supreme Court ruled that proceedings in trial court had not been terminated so as to allow double jeopardy claim). In *Richardson*, the defendant had appealed from the denial of his motion to dismiss upon the prosecution's attempt to retry him, so the procedural posture of that case was different from that of this case. However, the *Richardson* Court's rationale for its decision is applicable. That Court stated:

> [W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.

*Richardson*, 468 U.S. at 326. While *Richardson* was resolved on the merits of the double jeopardy issue, it was also based on the notion that a criminal case is not concluded by a hung jury and that thus, double jeopardy does not apply to bar further trial after jury deadlock. If a case is not concluded, it follows that the orders issued in the case are not final. The *Richardson* Court's holding on the merits clearly dispenses with any argument that some extraordinary procedure should be adopted to support Anderson's double jeopardy rights in the case at hand. We therefore conclude

that Anderson did not attempt to appeal from an appealable order and that therefore, this court has no jurisdiction in the matter. We dismiss the appeal.

APPEAL DISMISSED.