STATE OF NEBRASKA, APPELLANT, V.
JAMES A. DUNLAP, APPELLEE.
710 N.W.2d 873

Filed March 24, 2006.    No. S-05-578.

Stuart J. Dornan, Douglas County Attorney, Jennifer Meckna, and Kevin J. Edwards, Senior Certified Law Student, for appellant.

Thomas C. Riley, Douglas County Public Defender, and Stephen P. Kraft for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The State appeals from a district court order which disqualified the Douglas County Attorney's office from prosecuting James A. Dunlap due to an alleged conflict of interest involving one of the deputy county attorneys. See Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004) (specifying procedure by which prosecuting attorneys may appeal trial court rulings).

## SCOPE OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Bao*, 269 Neb. 127, 690 N.W.2d 618 (2005).

## FACTS

Dunlap was charged by information on December 21, 2004, with attempted burglary and possession of burglar tools. The State filed an amended information on January 25, 2005, in order to deem Dunlap a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1995). The State alleged that Dunlap had been convicted of two previous felonies. Based on the addition of the habitual criminal charge, Dunlap moved the district court to disqualify the entire Douglas County Attorney's office and to appoint a special prosecutor.

At a hearing on his disqualification motion, Dunlap asserted that Thomas McKenney, a deputy county attorney, had represented Dunlap on a prior felony conviction. Dunlap argued that because the State was charging him as a habitual criminal, the prior attorney-client relationship between Dunlap and McKenney created a conflict of interest for the county attorney's office.

The State asserted that McKenney did not represent Dunlap in the prior felony convictions set forth in the amended information. The State further argued that if the court found that a conflict of interest existed, the conflict should not be imputed to the entire county attorney's office.

The district court took judicial notice that Dunlap was being prosecuted as a habitual criminal and, despite the State's argument to the contrary, that one of the predicate prior convictions involved a case in which Dunlap was represented by a current

deputy county attorney. In reaching its decision to disqualify the county attorney's office, the court stated:

> The problem isn't that [Dunlap] was represented by a lawyer on a prior occasion, who is now in the prosecutor's office, the same office that is prosecuting the pending information, the problem is that with the charge involving an allegation that [Dunlap is] an habitual criminal . . . McKenney is essentially involved on both sides of the case.

The court found persuasive Nebraska civil cases in which entire law firms were disqualified when an attorney or employee experienced a conflict of interest. On March 11, 2005, the district court disqualified the Douglas County Attorney's office and appointed a special counsel to prosecute Dunlap.

The State timely applied to appeal the district court's order under § 29-2315.01.

## ASSIGNMENT OF ERROR

The State's assignments of error can be summarized as follows: The district court erred in disqualifying the Douglas County Attorney's office.

## ANALYSIS

Section 29-2315.01 grants to the State the right to seek appellate review of adverse criminal rulings and specifies the special procedure by which to obtain such review. See *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997). The statute provides in pertinent part:

> The prosecuting attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made. Such application shall contain a copy of the ruling or decision complained of, the basis and reasons for objection thereto, and a statement by the prosecuting attorney as to the part of the record he or she proposes to present to the appellate court. Such application shall be presented to the trial court within twenty days *after the final order is entered in the cause*, and upon presentation, if the trial court finds it is in conformity with the truth, the judge of the trial court shall

sign the same and shall further indicate thereon whether in his or her opinion the part of the record which the prosecuting attorney proposes to present to the appellate court is adequate for a proper consideration of the matter. The prosecuting attorney shall then present such application to the appellate court within thirty days from the date of the final order.

(Emphasis supplied.) § 29-2315.01.

As a preliminary matter, we must determine whether this court has jurisdiction over the present appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Hall*, 252 Neb. 885, 566 N.W.2d 121 (1997).

The State's right to appeal in criminal cases is limited by § 29-2315.01, which provides that the State may appeal only after a final order has been filed in the case. *State v. Martinez*, 198 Neb. 347, 252 N.W.2d 630 (1977). Thus, to determine whether we have jurisdiction over this appeal, we confront the following questions: Is an order to disqualify an entire county attorney's office due to a conflict of interest a final order sufficient to create appellate jurisdiction? If not, is an exception to the final order rule applicable?

A judgment entered during the pendency of a criminal cause is final only when no further action is required to completely dispose of the cause pending. See *State v. Wieczorek, supra*. The test of finality of an order or judgment for the purpose of appeal is whether the particular proceeding or action was terminated by the order or judgment. *State v. Taylor*, 179 Neb. 42, 136 N.W.2d 179 (1965).

In *Wieczorek*, after both parties had rested in a jury trial, the trial court granted a directed verdict in favor of the defendant on three of the four counts charged against him. Between the date of the directed verdict and the date of sentencing, the State appealed the directed verdict. This court dismissed the appeal for lack of jurisdiction because the State's appeal was premature, having been filed "during a time in which further action, i.e., sentencing, was necessary to completely dispose of the cause pending in the trial court." *Id.* at 710, 565 N.W.2d at 484.

In the instant case, Dunlap's motion to disqualify the county attorney's office was made and ruled on prior to trial and prior to any conviction or sentencing. Further action was required before the cause could be terminated. Accordingly, the order to disqualify the county attorney's office was not a final, appealable order.

Having concluded that the disqualification order was not a final order, we must determine whether an exception to the final order rule applies that would give jurisdiction to this court to consider the State's appeal. In *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997), we concluded that an order disqualifying counsel in a civil case was not a final order. Nevertheless, we adopted the following narrow exception to the final order requirement: If the appeal from an order of disqualification of counsel involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate. *Id.* This court has not yet entertained whether the *Richardson* exception should apply in a criminal case in which a county attorney's office has been disqualified.

We need not decide whether this appeal involves issues collateral to the basic controversy because the second requirement of the *Richardson* exception is not met in this case. The State's interest in prosecuting this criminal matter is protected notwithstanding that the order disqualifying the county attorney's office is not immediately appealable. The State's interest in prosecuting Dunlap was protected by the appointment of a special counsel to prosecute Dunlap on behalf of the State. As a result, we decline to apply the *Richardson* exception to the final order rule in this case and conclude that interlocutory review of the disqualification order is not appropriate.

## CONCLUSION

■ The district court's order disqualifying the county attorney's office was not a final order, and an exception to the final order rule does not apply in this case. Because the State did not appeal from a final order as required by § 29-2315.01, we lack jurisdiction over this appeal. When an appellate court is without

jurisdiction to act, the appeal must be dismissed. *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005). Therefore, we dismiss this appeal.

APPEAL DISMISSED.