COUNTY OF HALL, APPELLANT, v. EDWIN E. ENGLEMAN ET AL., APPELLEES.

COUNTY OF HALL, APPELLANT, v. DANIEL W. FISHBURN ET AL., APPELLEES.

COUNTY OF HALL, APPELLANT, v. GAIUS M. BURMOOD ET AL., APPELLEES.

156 N. W. 2d 801

Filed March 1, 1968. Nos. 36867, 36868, 36869.

Gerald B. Buechler, Richard L. Huber, and Robert E. Paulick, for appellant.

Franklin L. Pierce, for appellees Engleman et al.

Franklin L. Pierce, for appellees Fishburn et al.

Herbert F. Mayer, Jr., and Clinton E. Cronin, for appellees Burmood et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This opinion deals with motions to dismiss three appeals in three cases decided adversely to the County of Hall by the district court for Hall County. The defendants have moved this court to dismiss the appeals for failure of the County of Hall to comply with sections 25-1912 and 25-1914, R. R. S. 1943.

We shall consider the factual situation in County of Hall v. Engleman, the facts in all three cases being substantially the same. On March 7, 1967, the County of Hall filed its suit in which it set out as separate causes of action its prayer for the foreclosure of 10 tax sale certificates on 10 separate and distinct pieces of real estate owned by 10 separate owners. The City of Grand Island filed its cross-petition to each of the tracts set out in the 1st to 9th causes of action asserting a special tax lien alleged to be superior to the claimed liens of the County of Hall. On May 2, 1967, the trial court appointed guardians ad litem for defendants in military or naval service, incompetent defendants, minor defendants, and

unknown defendants. On June 1, 1967, the 9th cause of action was dismissed as having been redeemed by payment of the taxes and costs. On July 18, 1967, the guardians ad litem answered, alleging that the tax certificates in the remaining 9 causes of action were void because of material alterations by interlineations and deletions appearing upon their face. The County of Hall filed its reply denying the allegations of defendants' answers. On October 23, 1967, after hearing, the trial court filed its decree holding the tax liens void as having been prejudicially altered and severally dismissed the pending causes of action. The County of Hall filed a motion for a new trial which defendants moved to strike for the reason that it was directed against the decision as to all causes of action rather than to each separately. The trial court overruled the motion to strike and then overruled the motion for a new trial on November 3, 1967. The trial court, on November 13, 1967, allowed a guardian ad litem's fee to Franklin L. Pierce in the amount of $432, other guardians ad litem having waived an allowance of fees in favor of Pierce who had performed the work for all. On November 30, 1967, the County of Hall filed a single notice of appeal and paid a single $20 docket fee in each of the three cases, 36867, 36868, and 36869. No supersedeas bond was filed in any of the cases, nor was a cost bond, or cash in lieu thereof, filed in the three appeals.

The inclusion of the 10 tax lien certificates in one petition, even though they involve different lands and parties, is authorized by section 77-1904, R. R. S. 1943, which provides in part: "In all foreclosure proceedings, the plaintiff may include in one petition as many tax sale certificates, tax deeds or tax liens as the plaintiff may hold, regardless of whether they are upon the same or different tracts of real estate and whether the land covered by them is owned by the same or different persons."

It is plain that the purpose of the foregoing statute was

to reduce the costs in the foreclosure of tax liens and tax sale certificates when more than one is held by the same party. We think this purpose was intended to apply to appeals the same as to the action in the district court. Where more than one tax sale certificate or tax lien is disposed of in a single decree, a single notice of appeal and docket fee is all that is required to lodge jurisdiction of the case in the Supreme Court. Where, however, such certificates and liens are tried separately and result in separate decrees, each requires a separate notice of appeal and docket fee to lodge jurisdiction of the appeal in this court. If a defendant in one cause of action appeals, he must file a notice of appeal and pay the docket fee to perfect his appeal. We conclude therefore that this court obtained jurisdiction of the three appeals on the filing of a notice of appeal and the payment of the docket fee in each case in accordance with section 25-1912, R. R. S. 1943, which was done in these cases.

In these cases the appellant failed to file a cost bond, cash deposit, or supersedeas bond within 1 month as required by section 25-1914, R. R. S. 1943. Such section provides that the appeal may be dismissed on motion and notice in the Supreme Court if no bond has been given within the prescribed time and certified in the transcript. The County of Hall contends that the giving of a cost bond is a vain thing as to it and that it should not be required to comply. The statute requires that on an appeal from the district court to the Supreme Court the appellant or appellants shall within 1 month, or within a properly extended period, file a sufficient bond and no exceptions are contained in the statute. We think a single cost bond in each case would have been sufficient. But here we have no bond at all. It is true that the giving of a cost bond is not a jurisdictional requirement and, on a showing of good cause, the time for filing could have been extended by this court. But there is neither an application nor a showing. Under such circumstances

the appeals must be dismissed. The motions to dismiss the appeals in cases numbered 36867, 36868, and 36869 are sustained for failure to comply with section 25-1914, R. R. S. 1943.

APPEALS DISMISSED.