STATE OF NEBRASKA, APPELLANT, V. HUBERT YALE LINN, APPELLEE.

224 N. W. 2d 539

Filed December 26, 1974. No. 39569.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellant.

Charles O. Forrest of Kneifl, Kneifl & Byrne, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an error proceeding brought by a special deputy county attorney of Douglas County. The defendant was originally convicted of violations of the ordinances of the city of Omaha. A new trial was granted and the error proceeding was brought to test the correctness of the order granting a new trial. We affirm.

This proceeding must be dismissed for two reasons. First, a final order has not been entered. "Under the terms of section 29-2315.01, R. R. S. 1943, the right of the county attorney to review questions of law in criminal cases is limited to those cases in which a final order or judgment in the criminal case has been entered. * * *

"An order sustaining a motion for a new trial is not an order by which the cause is terminated and finally disposed of." State v. Taylor, 179 Neb. 42, 136 N. W. 2d 179.

In the second place, the only provision for appeal by the State in a criminal case is found in sections 29-2315.01 et seq., R. R. S. 1943. The authority to take error proceedings is limited to the county attorney. It is not extended to city attorneys nor to prosecutions involving the violation of city ordinances. A county attorney has no authority to prosecute city ordinance violations. See § 23-1201, R. R. S. 1943. His authority to bring error proceedings is limited to those cases in which he has been given the power to prosecute violations of the laws of the State of Nebraska. The appointment of a city attorney as a special deputy county attorney does not change the situation.

APPEAL DISMISSED.