STATE OF NEBRASKA, APPELLANT, V. BARBARA PETERSON,
APPELLEE.

366 N.W.2d 780

Filed May 3, 1985.   No. 85-070.

Charles W. Campbell and Vincent Valentino, York Deputy
City Attorneys, for appellant.

Kent Jacobs of Blevens, Blevens & Jacobs, for appellee.

HASTINGS, J.

The State has appealed, pursuant to the provisions of Neb.
Rev. Stat. § 29-824 (Cum. Supp. 1984), from an order of the
Honorable Bryce Bartu, a judge of the district court for York
County. That order suppressed "[a]ll evidence seized or secured
by the officers while in the defendant's home [February 25,
1984], including the seizure of the defendant . . . as the product
of an illegal search and seizure."

Initially, the county court had overruled defendant's motion
to suppress. Trial was then had on the complaint, which was for
violation of a York city ordinance prohibiting driving while
intoxicated, and resulted in a finding of guilty. On appeal to the
district court the suppression order was entered, and the cause
was reversed and remanded for a new trial.

At the outset the court is faced with a procedural problem
which at first was thought to be inconsequential. Barbara
Peterson, the defendant, filed a motion to dismiss the appeal
because it was prosecuted by Vincent Valentino as county
attorney. She argues that the appeal was under Neb. Rev. Stat.
§ 29-2315.01 (Cum. Supp. 1984), which provisions do not
extend to city attorneys nor to prosecutions involving violations
of city ordinances, and a county attorney has no authority to
prosecute an appeal involving a city ordinance violation. *State
v. Linn*, 192 Neb. 798, 224 N.W.2d 539 (1974).

The State's response, through Mr. Valentino who furnished
no brief on this issue, is that this was in fact an application for
review of an order of suppression under § 29-824. He further

states that he is both the county attorney for York County and a deputy city attorney of York and that he inadvertently signed the notice of appeal in his capacity as county attorney rather than as deputy city attorney.

The first impulse of the court was to consider this as a mere technicality and irregularity and to disregard the objection. However, it now appears that this cannot be done. Section 29-824 provides in substance that the State has the right to appeal any order suppressing evidence upon application of the Attorney General, or of the county attorney or prosecuting officer with the consent of the Attorney General. "Prosecuting officer" is not defined. However, Neb. Rev. Stat. § 29-116 (Cum. Supp. 1984), in similar language, gives the State the right to appeal from an order suppressing statements upon application of the Attorney General, or of the county attorney or prosecuting officer with the consent of the Attorney General.

Neb. Rev. Stat. § 29-104 (Reissue 1979) defines the term prosecuting attorney as any county attorney, and "shall also mean any city attorney or assistant city attorney in a *city of the metropolitan class* when such attorney is prosecuting any violation designated as a misdemeanor or traffic infraction." (Emphasis supplied.)

In order to take advantage of the appeal provisions of § 29-824, the officer prosecuting such appeal must be either a county attorney or a city attorney of a city of the metropolitan class.

This court therefore lacks jurisdiction of this purported appeal, and the same is ordered dismissed.

APPEAL DISMISSED.