State of Nebraska, appellant, v. Darryl E. Bailey, Russell E. Johnston, and James Evert Murphy, appellees.

402 N.W.2d 319

Filed March 20, 1987.    No. 86-1075.

Charles A. Kandt, Lincoln County Attorney, for appellant.

Patrick B. Hays, James R. Nisley, and Ronald A. Ruff, for appellees.

HASTINGS, J.

Under the authority of Neb. Rev. Stat. § 29-824 (Reissue 1985), the county attorney for Lincoln County has appealed an order of the district court which had sustained the defendants' various motions to suppress evidence.

At the outset, a procedural problem relating to the jurisdiction of this court must be faced. Involved are three criminal prosecutions: *State v. Murphy, State v. Johnston*, and *State v. Bailey*, each separately docketed in the district court. An individual motion to suppress evidence was filed in each case; however, the only order suppressing evidence found in the transcript is one entered by the district court in the case of *State v. Bailey*.

Section 29-824 provides that the county attorney may appeal an order of the district court suppressing evidence by filing an application with the Clerk of the Supreme Court asking for a summary review.

Neb. Rev. Stat. § 29-825 (Reissue 1985) provides in part:

The application shall be filed with the Clerk of the Supreme Court within such time as may be ordered by the district court, which in fixing such time shall take into consideration the length of time required to prepare the necessary transcript, and shall also consider whether the defendant is in jail or whether he is on bail, but in no event shall more than thirty days be given in which to file such application.

Neb. Rev. Stat. § 29-826 (Reissue 1985) provides:

In making an order granting a motion to suppress and to return property, the district court shall in such order fix a time, not exceeding ten days, in which the county attorney or other prosecuting officer may file a notice with the clerk of such court of his intention to seek a review of the order. Upon the filing of such notice the district court shall fix the time in which the application for review shall be filed with the Clerk of the Supreme Court, and shall make an appropriate order for custody of the

property pending completion of the review.

The order of the district court suppressing evidence was entered on November 25, 1986. No time was fixed in that order within which the county attorney might file the notice with the clerk of the district court of his intention to seek a review of that order. However, a notice of intention to seek summary review of the order was drafted in *State v. Bailey* and was filed by the State in the district court on December 1, 1986. That notice, however, named Murphy, Johnston, and Bailey as defendants.

According to a letter, in the file of the Supreme Court, from the Clerk of this court, dated December 5, 1986, the clerk of the district court for Lincoln County was advised that the notice of appeal and the $50 docket fee were being returned because the rules of the Supreme Court require that absent an order of consolidation in the district court, all cases must be separately docketed.

Later, on motion by the county attorney, an order of the district court was entered on December 8, 1986, consolidating the three cases. Thereafter, the county attorney filed a consolidated notice of appeal in the office of the clerk of the district court on December 16, 1986. Following that filing, the district court, on December 17, entered an order directing that the application for review shall be filed with the Clerk of the Supreme Court on or before December 29, 1986.

The application for summary review was in fact not filed in this court until January 2, 1987. The State's motion to extend the filing date for the application for review, filing date in the district court unknown, was denied by order of the district court on January 5, 1987, because of lack of jurisdiction. A motion was then filed in this court on January 8 requesting an extension of the date for filing the application, upon which ruling was reserved by this court.

The effect of the various filing requirements of these statutory sections has not previously been construed. However, the State urges that the rule to be applied in this case is that one applicable in general to appeals to this court, Neb. Rev. Stat. § 25-1912 (Reissue 1985). That rule provides that the only requirements to vest jurisdiction in this court are the filing of a notice of appeal and the depositing of the docket fee with the

clerk of the district court.

Such an argument has a logical basis. The only requirement to vest jurisdiction in this court on a § 29-824 appeal is to file in the district court the notice required by § 29-826 within the time fixed by that court, but not to exceed 10 days from the entry of the order of suppression.

However, that does not answer the immediate problem. It appears that the notice filed on December 1, although well within the 10-day requirement, may have been an ineffective filing because it attempted to appeal three different cases with one notice.

*County of Hall v. Engleman*, 182 Neb. 676, 156 N.W.2d 801 (1968), perhaps lends some comfort to the State's position. In that case, a foreclosure of tax sale certificates, the county of Hall included in one petition several causes of action, each involving separate and different parcels of land. On appeal the county filed a single notice of appeal and paid a single docket fee in each of the three appeals.

In approving that procedure, this court said: "Where more than one tax sale certificate or tax lien is disposed of in a single decree, a single notice of appeal and docket fee is all that is required to lodge jurisdiction of the case in the Supreme Court." *Id.* at 679, 156 N.W.2d at 803.

However, the *Engleman* court went on to say:

> Where, however, such certificates and liens are tried separately and result in separate decrees, each requires a separate notice of appeal and docket fee to lodge jurisdiction of the appeal in this court. If a defendant in one cause of action appeals, he must file a notice of appeal and pay the docket fee to perfect his appeal.

*Id.*

As suggested earlier, it is not known whether there was a single decree or order entered in the district court, which would mean that the first notice of appeal based on that order was effective, or whether there was an order in each case, in which event the first notice was ineffective and the second notice was filed out of time.

However, assuming jurisdiction, there is yet another reason why the State's appeal must be dismissed. The *Engleman*

appeals were dismissed because of a failure to file a cost bond within 1 month, with no application supported by good cause for an extension of that time for filing. The failure of the State to file its application for summary review within the time provided for by the district court falls within the same category as the failure to file a cost bond. The court may, in its discretion, extend the filing date for good cause shown, but is not required to do so.

The showing made by the State in support of its request to extend the filing date for its application for summary review is unsupported by a showing of good cause and is denied. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.