STATE OF NEBRASKA, APPELLANT, V. JAMES C. BAIRD, APPELLEE.

472 N.W.2d 203

Filed July 19, 1991.   No. 90-1167.

Joe Kelly, Deputy Lancaster County Attorney, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In this case which charges defendant-appellee, James C. Baird, with the theft of money by deception, in violation of Neb. Rev. Stat. § 28-512 (Reissue 1989), the trial court determined that each of several separate acts constituted a separate offense. Accordingly, the court instructed the jury that

in fixing the value of the theft, it could not add together the sum taken as the result of a series of separate acts but, instead, must fix the amount of money stolen based upon a single act occurring on or between the dates the plaintiff-appellant State alleged the crime took place. The State assigns that determination and instruction as error and seeks review under the provisions of the general appeal statute, Neb. Rev. Stat. § 25-1912 (Reissue 1989). We dismiss for want of jurisdiction.

In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Halsey*, 232 Neb. 658, 441 N.W.2d 877 (1989); *United States v. Wilson*, 420 U.S. 332, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975); *United States v. Sanges*, 144 U.S. 310, 12 S. Ct. 609, 36 L. Ed. 445 (1892); 3 W. LaFave & J. Israel, Criminal Procedure § 26.3 (West 1984); 4 Wharton's Criminal Procedure § 639 (12th ed. 1976). But cf. *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987) (on criminal defendant's appeal of intermediate appellate court's ruling on sentence, State has right to cross-appeal on that issue).

Neb. Rev. Stat. § 29-2315.01 (Reissue 1989) provides, in relevant part:

> The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal to the Supreme Court with reference to the rulings or decisions of which complaint is made. . . . Such application shall be presented to the trial court within twenty days after the final order is entered in the cause, and upon presentation, if the trial court finds it is in conformity with the truth the judge of the trial court shall sign the same . . . . The county attorney shall then present such application to the Supreme Court within thirty days from the date of the final order. If the application is granted the county attorney shall . . . proceed to obtain a review of the case in the Supreme Court as provided in section 25-1912.

This jurisdiction thus grants the State the right to seek Supreme Court review of adverse criminal rulings such as those involved in this case, and specifies the special procedure by

which to obtain such review. Under that procedure, the general appeal statute does not come into play until there has been compliance with the special requirements of § 29-2315.01. The State ignored the provisions of the special statute and instead undertook to appeal simply by filing a notice of appeal under the provisions of the general appeal statute. Having failed to make a timely presentation to the trial court of the application for appeal required by the special appeal statute, the State has failed to confer jurisdiction upon this court. As noted in *State v. Halsey, supra*, the failure to comply with the provisions of the special appeal statute prevents any review of a final order of the trial court in a criminal case.

APPEAL DISMISSED.