STATE OF NEBRASKA, APPELLANT, V.
BRANDON R. JOHNSON, APPELLEE.

613 N.W.2d 459

Filed July 7, 2000.    No. S-99-991.

James S. Jansen, Douglas County Attorney, Donald W. Kleine, and Jennie Dugan-Hinrichs for appellant.

Jeff T. Courtney, of Pfeffer & Courtney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## INTRODUCTION

Pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), the State attempts to take exception to a decision of the district court for Douglas County, which sustained the motion for absolute discharge of Brandon R. Johnson regarding a two-count criminal information filed against him. For the reasons stated herein, we dismiss the State's exception for want of jurisdiction.

## BACKGROUND

On March 18, 1998, while in custody of the Nebraska Department of Correctional Services, Johnson was involved in an altercation with a number of correctional officers. The altercation arose from an incident in which a correctional officer attempted to place handcuffs on Paul M. Gilpatrick, another inmate. When Gilpatrick attempted to break loose from the correctional officer, the officer executed a wristlock takedown and took Gilpatrick to the ground in an attempt to regain control of the situation. While holding Gilpatrick down, the correctional officer was allegedly assaulted by Johnson.

On March 20, 1998, a criminal complaint was filed in the county court for Douglas County in which Johnson was charged with first degree assault on an officer, a Class II felony, and third

degree assault on an officer, a Class IV felony. A preliminary hearing was held on April 8 to determine whether Johnson should be bound over to district court to stand trial. On that same day and as part of the same proceeding, a preliminary hearing was also held in regard to a complaint filed against Gilpatrick, in which he was charged with assault on an officer in the third degree, a Class IV felony, and aiding and abetting an assault on an officer in the first degree. The county court found probable cause to bind both Johnson and Gilpatrick over for trial in the district court.

On April 8, 1998, an information was filed in the district court for Douglas County in which Johnson was charged with the same two offenses charged in the criminal complaint of March 20. Johnson entered a plea of not guilty, subject to a plea in abatement in which he asserted that the assault charges should be dismissed as a matter of law because there was insufficient evidence adduced at the preliminary hearing to support a finding of probable cause that he had committed the offenses alleged in the information. Gilpatrick also filed a plea in abatement on the same day as Johnson, in which he asserted that the assault charges against him should likewise be dismissed. Gilpatrick's attorney and Johnson's attorney subsequently agreed that one bill of exceptions from the preliminary hearing would be submitted to the district court in regard to consideration of both pleas in abatement. This bill of exceptions was then obtained by Gilpatrick's attorney and submitted to the district court on May 21. The cover of the bill of exceptions stated that it was a statement of the proceedings in the Douglas County Court in the cases of State v. Paul M. Gilpatrick, case No. CR98-7636, and State v. Brandon R. Johnson, case No. CR98-7626.

On May 13, 1999, without ever having received a ruling on his plea in abatement, Johnson filed a motion to discharge him of the offenses charged in the April 8, 1998, information on the grounds that his statutory and constitutional rights to a speedy trial had been violated by the State's failure to bring him to trial within 6 months of filing the information. Thereafter, a different district judge was assigned to the case; the judge conducted a hearing on the matter and on June 28, 1999, sustained Johnson's motion for discharge based on speedy trial grounds.

The State filed the instant application for leave to take exception to the decision of the district court pursuant to § 29-2315.01.

## ASSIGNMENTS OF ERROR

The State contends that the district court erred in (1) granting Johnson's motion to discharge because delay due to a court's disposition of a plea in abatement is statutorily excluded from the State's time limit to bring a defendant to trial and (2) granting Johnson's motion to discharge because the State is not responsible for delays caused by Johnson's own action or inaction.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Hron v. Donlan, ante* p. 259, 609 N.W.2d 379 (2000).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Dustin H. et al., ante* p. 166, 608 N.W.2d 580 (2000). Jurisdictional questions can be raised by the Nebraska Supreme Court sua sponte. *State ex rel. NSBA v. Krepela, ante* p. 395, 610 N.W.2d 1 (2000).

In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Baird,* 238 Neb. 724, 472 N.W.2d 203 (1991). Section 29-2315.01 thus grants the State the right to seek Supreme Court review of adverse criminal rulings such as those involved in this case, and specifies the special procedure by which to obtain such review. *State v. Wieczorek,* 252 Neb. 705, 565 N.W.2d 481 (1997). "Under [§ 29-2315.01], the general appeal statute does not come into play until there has been compliance with the special requirements of § 29-2315.01." *State v. Baird,* 238 Neb. at 726, 472 N.W.2d at 205. Because this appeal is the result of the State's seeking leave to take exception to the district court's order pursuant to § 29-2315.01, our pre-

liminary inquiry is whether the mandatory requirements of § 29-2315.01 have been met, thereby conferring jurisdiction upon this court to decide the merits of the issues raised in the State's exception.

Section 29-2315.01 provides:

> The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made. *Such application shall contain a copy of the ruling or decision complained of, the basis and reasons for objection thereto, and a statement by the county attorney as to the part of the record he or she proposes to present to the appellate court.* Such application shall be presented to the trial court within twenty days after the final order is entered in the cause, and upon presentation, if the trial court finds it is in conformity with the truth, *the judge of the trial court shall sign the same and shall further indicate thereon whether in his or her opinion the part of the record which the county attorney proposes to present to the appellate court is adequate for a proper consideration of the matter.* The county attorney shall then present *such application* to the appellate court within thirty days from the date of the final order. If the application is granted, the county attorney shall . . . proceed to obtain a review of the case as provided in section 25-1912.

(Emphasis supplied.)

█ Where the language of a statute is plain and unambiguous, no interpretation is needed, and a court is without authority to change such language. *State v. Wieczorek, supra.* Section 29-2315.01 clearly provides that in order to obtain review of a district court's final decision in a criminal case, the State *shall* present that application and a copy of the ruling complained of to the trial judge, who "*shall* sign the same" and indicate thereon his or her opinion as to whether that portion of the record proposed to be submitted by the county attorney to the appellate court is adequate for resolution of the issues raised in the application. Thereafter, the county attorney *shall* then present *such application* to the appellate court and proceed with the appeal.

The record in the instant case does not contain such an application. To the contrary, the record contains only a copy of the county attorney's initial application for leave to docket error proceedings, which was apparently submitted to the district court. The record does not, however, contain an application which bears the signature of the trial judge or the trial judge's opinion as to whether that part of the record sought to be submitted by the county attorney is adequate for review of the trial court's decision to which the State takes exception. Moreover, even though the application for leave to appeal *makes reference* to the court's order of June 28, 1999, "*a copy* of the ruling or decision complained of" is not attached thereto, as mandated by § 29-2315.01. In short, the application in the instant case does not comply with the mandatory provisions of § 29-2315.01.

An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. *State v. Sinsel*, 249 Neb. 369, 543 N.W.2d 457 (1996). This court has consistently maintained that the failure to strictly comply with the jurisdictional prerequisites in § 29-2315.01 prevents the State from obtaining any review of a trial court's final order in a criminal case. See, e.g., *State v. Baird*, 238 Neb. 724, 472 N.W.2d 203 (1991); *State v. Halsey*, 232 Neb. 658, 441 N.W.2d 877 (1989). Because the right of the State to appeal from a final order in a criminal case is limited by the express provisions of § 29-2315.01, the State's failure to comply with § 29-2315.01 in the instant case prevents this court from having jurisdiction to consider the merits of the State's exception.

## CONCLUSION

Because the record does not contain a proper application for leave to docket the State's exception as required by § 29-2315.01, we are without jurisdiction to decide the merits of the case, and the State's exception to the district court's decision must be and is dismissed.

EXCEPTION DISMISSED.