STATE OF NEBRASKA, APPELLEE, V.
JEREMIE STEINBACH, APPELLANT.
652 N.W.2d 632

Filed October 22, 2002.    No. A-02-061.

William G. Line for appellant.

Kevin J. Slimp, Deputy Dodge County Attorney, for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Jeremie Steinbach pled guilty to misdemeanor flight to avoid arrest, and the county court sentenced him to probation. The State prosecuted an appeal to the district court pursuant to Neb. Rev. Stat. § 29-2317 (Reissue 1995) and alleged that the sentencing order failed to include an order that Steinbach not operate a motor vehicle for a period of 2 years as is mandated by Neb. Rev. Stat. § 28-905(3) (Reissue 1995). The district court reversed, and remanded the case to the county court; Steinbach has appealed the district court's decision to this court. Because we find that the district court lacked jurisdiction to consider the case, we reverse, and remand with directions to dismiss the State's appeal.

## II. FACTUAL BACKGROUND

On May 24, 2001, Steinbach was charged in the county court with flight to avoid arrest and with reckless driving, based on events occurring on or about April 12. On July 24, Steinbach pled guilty to the flight to avoid arrest charge and the State dismissed the reckless driving charge, pursuant to a plea agreement. On August 21, the county court entered a sentencing order which imposed intensive supervised probation.

The sentencing order included, inter alia, that Steinbach's driver's license "be impounded for a period of [time] as directed by [the] Probation Officer."

On September 7, 2001, the State filed a notice of its intention to prosecute an appeal, pursuant to § 29-2317, in the county court. The notice makes reference to the county court's sentencing order and contains the basis and reasons for the State's objection thereto and a statement of the part of the record the State proposed to present to the district court. The notice does not contain a copy of the sentencing order being appealed. The county court judge signed the notice but indicated through interlineations that he did not find the notice to be in conformity with the truth and that he did not find that the portion of the record proposed to be presented to the district court was adequate for a proper consideration of the matter.

On September 11, 2001, the State filed a praecipe for a transcript and a praecipe for a bill of exceptions with the county court. On the same date, the State filed a copy of the notice of its intention to prosecute an appeal with the district court. The praecipe for a transcript requested the county court clerk to include a copy of the sentencing order in the transcript to the district court.

On December 17, 2001, the district court entered an order on appeal. The district court specifically held that the county court's refusal to find that the notice of intention to prosecute an appeal was in conformity with the truth and that the portion of the record offered was adequate was an "arbitrary refusal." As such, the district court specifically found that jurisdiction had been conferred on the district court pursuant to § 29-2317. The district court further found that the sentencing order failed to include as part of the judgment of probation that Steinbach not operate a motor vehicle for a period of 2 years. The district court reversed, and remanded the case to the county court with a direction to resentence Steinbach. Steinbach now appeals.

### III. ASSIGNMENT OF ERROR

Steinbach has assigned one error on appeal: The county attorney's notice did not contain a copy of the decision complained of by the State as required by § 29-2317(2) and was insufficient to confer jurisdiction on the district court.

## IV. ANALYSIS

### 1. Waiver

The State argues on appeal that Steinbach failed to argue his assigned error to the district court and that as a result, he should be considered to have waived any assertion that the notice presented to the county court was inadequate to confer jurisdiction on the district court. We disagree.

Jurisdiction over the subject matter of an action cannot be conferred by consent of the parties or through a party's conduct. See *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). Further, an appellate court has an obligation to determine whether it has jurisdiction over the matter before it before reaching the legal issues presented for review, even where the parties have not raised the issue. *Tri-Par Investments v. Sousa*, 263 Neb. 209, 640 N.W.2d 371 (2002).

In this case, the district court had an obligation to determine whether it had jurisdiction over the matter before it, even if the issue was not raised by the parties. As such, contrary to the State's assertion on appeal, Steinbach's failure to argue the issue to the district court does not preclude him from raising it on appeal to this court.

### 2. Jurisdiction of District Court

Steinbach argues on appeal that the district court lacked jurisdiction to hear the State's appeal because the State's notice filed with the county court and, later, with the district court did not contain a copy of the ruling or decision complained of, the sentencing order. The State argues that the sentencing order was included in the record presented to the district court by way of a praecipe for transcript. We conclude that the State failed to properly include the sentencing order in the notice and, as a result, failed to strictly comply with the statutory prerequisites for conferring jurisdiction on the district court.

Section 29-2317(1) provides that a prosecuting attorney may take exception to a ruling or decision of the county court by presenting to the county court a notice of intent to take an appeal to the district court. Section 29-2317(2) provides, in relevant part, as follows:

> The notice shall contain a copy of the rulings or decisions complained of, the basis and reasons for objection thereto, and a statement by the prosecuting attorney as to the part of the record he or she proposes to present to the district court. The notice shall be presented to the [county] court within twenty days after the final order is entered in the cause.

Section 29-2317(3) then provides the specific procedures for filing the notice with the district court.

■ Where the language of a statute is plain and unambiguous, no interpretation is needed, and a court is without authority to change such language. *State v. Johnson,* 259 Neb. 942, 613 N.W.2d 459 (2000). Section 29-2317(2) clearly provides that in order to obtain review of a county court's decision in a criminal case, the State *shall* present the notice and a copy of the ruling complained of to the county court. See *State v. Johnson, supra* (construing nearly identical language in Neb. Rev. Stat. § 29-2315.01 (Reissue 1995)). The State failed to comply with this unambiguous requirement in the present case. Even though the notice of intention to prosecute an appeal *makes reference* to the county court's sentencing order, "a copy of the rulings or decisions complained of" is not contained in the notice as mandated by § 29-2317(2). In short, the notice in the instant case does not comply with the mandatory provisions of § 29-2317.

■ An appellate court may not consider a case as within its jurisdiction unless the authority to act is invoked in the manner prescribed by law. *State v. Johnson, supra.* The Nebraska Supreme Court has consistently maintained that the failure to strictly comply with jurisdictional prerequisites in statutes with language substantially identical to § 29-2317 prevents the State from obtaining any review of a trial court's final order in a criminal case. See, e.g., *State v. Johnson, supra; State v. Baird,* 238 Neb. 724, 472 N.W.2d 203 (1991); *State v. Halsey,* 232 Neb. 658, 441 N.W.2d 877 (1989). Because the right of the State to appeal from a county court's final order in a criminal case is limited by the express provisions of § 29-2317, the State's failure to comply with § 29-2317 in the instant case prevented the district court from having jurisdiction to consider the merits of the State's exception.

## V. CONCLUSION

Because the record does not contain a proper notice of intent to take an appeal to the district court as required by § 29-2317, the district court was without jurisdiction to reverse the sentencing order and remand the case to the county court for resentencing. We reverse the district court's order and remand the case to the district court with directions to dismiss the State's exception to the county court's sentencing order.

REVERSED AND REMANDED WITH DIRECTIONS.