STATE OF NEBRASKA, APPELLANT, V.
CLIFFORD L. JONES, APPELLEE.
652 N.W.2d 288

Filed October 25, 2002.   No. S-01-990.

John C. McQuinn, Chief Lincoln City Prosecutor, for appellant.

Robert Wm. Chapin, Jr., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In this criminal case, the Lincoln City Attorney's office, on behalf of the State, challenges the Lancaster County district court's decision of July 26, 2001, which reversed the county court's order convicting Clifford L. Jones of violating Lincoln Mun. Code § 9.16.240(e) (2000). The jurisdictional issue presented in this case is whether the city attorney representing the State is authorized to appeal an order of the district court where the order of the district court, in an appeal brought by the criminal defendant, reverses the county court's conviction. Because there is no statutory provision which authorizes the city attorney to appeal a reversal entered by the district court in a criminal case, we dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS

On August 11, 2000, an undercover Lincoln police officer conducted a surveillance operation at Mataya's Babydolls juice bar. Jones, the manager and co-owner of Mataya's Babydolls, was functioning as a D.J. and providing security at the establishment on August 11. The officer observed activities in the juice bar which he believed amounted to sexual contact by the dancers and patrons.

On August 30, 2000, the Lincoln City Attorney's office, representing the State, filed a complaint in county court alleging that Jones "[d]id knowingly allow any person on the premises to engage in sexual contact in violation of LMC §9.16.240(e) on August 11, 2000." A bench trial was held on October 13. On November 20, the county court found Jones guilty beyond a

reasonable doubt. On December 15, the county court sentenced Jones to pay a fine of $200 and costs.

Jones appealed to the district court, assigning as error, inter alia, that there was not sufficient evidence to support the conviction. A hearing on Jones' appeal was held on May 16, 2001. On July 26, the district court entered an order in which it determined that there was not sufficient evidence to support Jones' conviction. The district court reversed the conviction and sentence and remanded the case to the county court with directions to dismiss the complaint against Jones.

On August 23, 2001, the Lincoln City Attorney's office, representing the State, filed a "Notice of Intention to Prosecute Appeal Pursuant to Neb.Rev.Stat. § 25-1912," stating its intention to appeal the July 26 order of the district court reversing the judgment of the county court. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2000) is the general appeal statute which contains, inter alia, provisions relating generally to matters such as docket fees and timing for filing appeals. The matter was docketed in the Nebraska Court of Appeals. On January 24, 2002, the Court of Appeals ordered the parties "to address in their briefs the jurisdictional question of appellant's (State of Nebraska) right to appeal under Neb. Rev. Stat. Sec. 25-1912." The appeal was subsequently moved to this court's docket.

## ASSIGNMENT OF ERROR

The Lincoln City Attorney, on behalf of the State, asserts that this court has jurisdiction to hear the appeal and that the district court erred in various particulars. Because we dismiss the appeal, we do not reach the merits of the assignments of error.

## STANDARD OF REVIEW

■ Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *State v. Harms*, 263 Neb. 814, 643 N.W.2d 359 (2002).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Harms, supra.* An appellate

court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000).

█ In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *Id.* To the extent the State is authorized to appeal an adverse ruling in a criminal case, the appeal is to be taken in accordance with, and is constrained by, the terms of the statute authorizing the appeal. See *State v. Baird*, 238 Neb. 724, 472 N.W.2d 203 (1991). In this criminal case, we must determine whether the State, represented by the city attorney, is authorized to appeal from the district court's order which reversed the county court's conviction where the appeal to district court was taken by Jones, the criminal defendant. We conclude that the State, represented by the city attorney, cannot appeal the district court's order.

In *Baird, supra*, the State was represented by the Lancaster County Attorney's office, and we noted that the specific statutory authorization for the State to appeal the adverse ruling of the district court in that case was pursuant to the error proceeding statute, Neb. Rev. Stat. § 29-2315.01 (Reissue 1989). Because the county attorney on behalf of the State in *Baird* had ignored the provisions of § 29-2315.01 and had instead filed the appeal under the provisions of the general appeal statute, § 25-1912, we determined that this court lacked jurisdiction over the case. In a manner consistent with the reasoning in *Baird*, we examine the statutory framework which authorizes a city attorney to take an appeal in a criminal case to determine, based on a plain statutory reading, whether an appeal is authorized in the present case.

█ In its argument in support of its assertion that this court has jurisdiction over the instant case, the State refers us to *State v. Linn*, 192 Neb. 798, 224 N.W.2d 539 (1974), and Neb. Rev. Stat. §§ 29-2317 to 29-2319 (Reissue 1995). In *Linn*, this court held that the authority to take error proceedings pursuant to § 29-2315.01 (Reissue 1964) is limited to county attorneys and that such authority does not extend to city attorneys or to prosecutions involving the violation of city ordinances. Subsequent to *Linn*, in 1975, the Legislature enacted §§ 29-2317 to 29-2319 which primarily pertain to appeals by prosecutors from county

court to district court. Sections 29-2317 to 29-2319(1) provide procedures by which a county attorney, city attorney, or designated assistant may appeal a ruling or decision of a county court to a district court, the appointment of counsel, and the impact of such appeals relative to double jeopardy. Section 29-2319(2) relates to the trial court's authority to rearrest a defendant.

Section 29-2317(1) provides:

A prosecuting attorney, including any county attorney, *city attorney*, or designated assistant, may take exception to *any ruling or decision* of the county court made during the prosecution of a cause by presenting to the court a notice of intent to take an appeal to the district court with reference to the rulings or decisions of which complaint is made.

(Emphasis supplied.)

Section 29-2319(3) provides, "When the district court *affirms* the final order of the trial court, the prosecuting attorney may take exception to the decision of the district court in the manner provided by sections 29-2315.01 to 29-2316." (Emphasis supplied.) By its terms, § 29-2319 refers to district court orders which were entered in an appeal to the district court brought by a prosecutor rather than by a criminal defendant, such as in the instant case.

The State argues that the enactment of §§ 29-2317 to 29-2319 was a response to this court's decision in *Linn, supra*. The State further claims that §§ 29-2317 to 29-2319 were intended to give city attorneys the same authority as that provided to county attorneys in Neb. Rev. Stat. §§ 29-2315.01 to 29-2316 (Reissue 1995) to appeal adverse rulings of district courts. In the alternative, the State claims that if the appeal in this case was not authorized under §§ 29-2317 to 29-2319, the city attorney could, nevertheless, proceed under the general appeal statute, § 25-1912. We reject these arguments.

Section 29-2317(1) explicitly gives a city attorney the authority in a criminal case to appeal "*any* ruling or decision" of a county court to the district court. In contrast to the language of § 29-2317(1), § 29-2319(3) gives a city attorney the authority to appeal the decision of the district court only "[w]hen the district court *affirms* the final order of the trial court . . . ." Even if we were to ignore the context in which § 29-2319(3) appears and to

conclude that § 29-2319(3) applied to a district court order which was occasioned by the appeal of a criminal defendant from county court to district court, there is nothing in the plain language of § 29-2319(3) or elsewhere which authorizes a city attorney in a criminal case to appeal the decision of the district court where the district court reverses the trial court. With respect to the statutory silence regarding the city attorney's potential authority to appeal a reversal by a district court in a criminal case, we note that it is not for the courts to supply missing words or sentences to a statute to supply that which is not there. See *State v. Hamik*, 262 Neb. 761, 635 N.W.2d 123 (2001).

The language of §§ 29-2317 to 29-2319 contains no provision giving city attorneys the same scope of authority given to county attorneys pursuant to § 29-2315.01, nor has the Legislature amended §§ 29-2315.01 to 29-2316 to provide that city attorneys are authorized to undertake error proceedings under these statutes. We conclude that there is no statutory authorization for the city attorney representing the State to appeal a decision of a district court which reverses the decision of a county court upon appeal by a criminal defendant. In the absence of specific statutory authorization, the State has no right to appeal the adverse ruling in this criminal case. See *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000). Because there is no such statutory authority, this court lacks jurisdiction over this case, and the general appeal statute, § 25-1912, "does not come into play," see *State v. Baird*, 238 Neb. 724, 726, 472 N.W.2d 203, 205 (1991), and does not by itself authorize this court to exercise jurisdiction. We must therefore dismiss this appeal.

## CONCLUSION

In this criminal case, we conclude that the city attorney, prosecuting on behalf of the State, had no statutory right to appeal the order of the district court which reversed the decision of the county court in an appeal brought to the district court by a criminal defendant and that this court lacks jurisdiction. We therefore dismiss this appeal.

APPEAL DISMISSED.