STATE OF NEBRASKA, APPELLEE, V.
JOHN W. MCARTHUR, APPELLANT.
685 N.W.2d 733

Filed July 20, 2004.   No. A-03-505.

Michael Ziskey, Deputy Otoe County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

IRWIN, Chief Judge, and SIEVERS and CASSEL, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

John W. McArthur appeals a conviction by the county court for Otoe County, Nebraska, for operating a vehicle while under the influence of alcohol. The county court originally granted a motion made by McArthur to suppress evidence, which grant the district court for Otoe County subsequently reversed. McArthur argues that the district court did not have subject matter jurisdiction to reverse the county court's order to suppress evidence, because the State failed to file a docket fee with its appeal pursuant to Neb. Rev. Stat. §§ 29-824 to 29-826 (Cum. Supp. 2002). We agree.

## II. BACKGROUND

On April 24, 2002, a complaint was filed against McArthur, charging him with operating a vehicle while under the influence

of alcohol and with possession of alcohol in an opened container. McArthur pled not guilty and, on July 2, filed a motion to suppress evidence. McArthur alleged that the stop of his vehicle, and the subsequent arrest, search, and questioning, violated his constitutional rights.

After a hearing, the county court granted McArthur's motion to suppress evidence, ordering that there had been no probable cause for McArthur to be stopped. The court ordered that all evidence obtained as a result of the stop of McArthur's vehicle be suppressed. The court's order was entered on July 26, 2002.

On August 7, 2002, the State appealed the county court's ruling to the district court pursuant to §§ 29-824 to 29-826, which permit the State to appeal from an order granting a motion for the return of seized property or to suppress evidence and which provide the procedures for doing so. The record contains no evidence indicating that the State filed a docket fee at that time, which filing Neb. Rev. Stat. § 25-2729 (Cum. Supp. 2002) requires. Section 25-2729 governs appeals generally from the county court to the district court. On October 1, the district court reversed the county court's order to suppress evidence. The case was then remanded for trial, and McArthur was convicted of one count of operating a vehicle while under the influence of alcohol.

On February 5, 2003, McArthur appealed his conviction to the district court. McArthur filed a "Statement of Errors" with the district court, alleging that the district court had lacked subject matter jurisdiction to reverse the county court's order to suppress evidence. Specifically, McArthur argued that the district court had lacked subject matter jurisdiction because the State had failed to pay the docket fee as required by § 25-2729.

The district court affirmed McArthur's conviction. In its order, the district court acknowledged that the State had not filed a docket fee with the clerk of the county court. The court found, however, that §§ 29-824 to 29-826, the statutory authority for the State to appeal from orders granting motions to suppress, provide only that the State must file a notice of appeal, and that because §§ 29-824 to 29-826 do not indicate that the State must file a docket fee, no such fee is required. The court relied on the Nebraska Supreme Court's opinion in *State v. Bailey*, 225 Neb. 66, 69, 402 N.W.2d 319, 321 (1987), in which the Supreme Court

stated, "The only requirement to vest jurisdiction in this court on a § 29-824 appeal is to file in the district court the notice required by § 29-826 within the time fixed by that court, but not to exceed 10 days from the entry of the order of suppression."

In the case at bar, the district court acknowledged that Neb. Rev. Stat. § 25-2728 (Cum. Supp. 2002), which expressly designates certain statutory sections to which § 25-2729 does not apply, does not expressly exclude §§ 29-824 to 29-826 from the requirements contained within § 25-2729. However, the court stated that § 25-2728 also does not expressly exclude Neb. Rev. Stat. §§ 29-2317 to 29-2319 (Reissue 1995) from the requirements of § 25-2729 and that to exclude such sections was "contrary to legislative intent." We are unable to determine the court's reasoning for this statement. The court stated that *Bailey* was dispositive and that it required the court to conclude that § 25-2729 did not apply to §§ 29-824 to 29-826 because *Bailey* contains the "only clear pronouncement on this issue by [the Nebraska] Supreme Court [and] to ignore it would be unreasonable." The court also stated, "The prevailing party should have the benefit of any clear pronouncements by [the Nebraska] Supreme Court, until that court revisits [the issue] and finds it did not mean what it said or say what it meant."

The district court then affirmed McArthur's conviction, and McArthur now appeals to this court.

## III. ASSIGNMENT OF ERROR

McArthur's only assignment of error is that the district court erred in finding that it had subject matter jurisdiction to hear the State's appeal from the county court's order granting McArthur's motion to suppress evidence at trial.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003) (citing *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002)).

## 2. FILING OF DOCKET FEE

We first note that McArthur did not raise the issue of whether the district court lacked subject matter jurisdiction to hear the State's appeal when the State first appealed to the district court. However, parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Cummins Mgmt., supra* (citing *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000)). Subject matter jurisdiction may not be waived. *Bolan v. Boyle*, 222 Neb. 826, 387 N.W.2d 690 (1986). Thus, we consider whether the district court lacked subject matter jurisdiction to hear the State's appeal from the county court's order granting McArthur's motion to suppress evidence.

Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Creighton St. Joseph Hosp., supra* (citing *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995)). When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Cummins Mgmt., supra* (citing *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002)).

In the case at bar, the county court granted McArthur's motion to suppress evidence. The State appealed this ruling pursuant to §§ 29-824 to 29-826. Section 29-824 provides:

> (1) In addition to any other right to appeal, the state shall have the right to appeal from an order granting a motion . . . to suppress evidence in the manner provided in sections 29-824 to 29-826.
>
> . . . .
>
> (3) If such motion has been granted in the county court, the . . . county attorney . . . may file his or her application with the clerk of the district court in the district in which

the motion has been granted asking for a summary review of the order granting the motion.

Section 29-825 provides in part:

> The application for review provided in section 29-824 shall be accompanied by a copy of the order of the trial court granting the motion to suppress and a bill of exceptions containing all of the evidence, including affidavits, considered by the trial court in its ruling on the motion, and so certified by the trial court.

Section 29-826 provides:

> In making an order granting a motion to suppress . . . the trial court shall in such order fix a time, not exceeding ten days, in which the county attorney . . . may file a notice with the clerk of such court of his or her intention to seek a review of the order.

The State filed its "Notice of Appeal in Order to Seek Review of Order to Suppress Evidence" on August 7, 2002. The notice stated that the State intended to appeal pursuant to §§ 29-824 to 29-826 and requested the court "to fix a time in which the Application for Review shall be filed with the District Court of Otoe County, Nebraska." The State did not file a docket fee.

Section 25-2729 states in relevant part:

> (1) In order to perfect an appeal from the county court, the appealing party shall within thirty days after the entry of the judgment or final order complained of:
>
> (a) File with the clerk of the county court a notice of appeal; and
>
> (b) Deposit with the clerk of the county court a docket fee in the amount of the filing fee in district court.

Section 25-2728(2) expressly states that Neb. Rev. Stat. §§ 25-2728 to 25-2738 (Reissue 1995 & Cum. Supp. 2002) "shall not apply to" and then lists several statutes, among which §§ 29-824 to 29-826 are not included. McArthur argues that because § 25-2728(2) does not exclude application of § 25-2729 to §§ 29-824 to 29-826, § 25-2729 must necessarily apply to §§ 29-824 to 29-826. We agree.

On the State's appeal to the district court of the county court's ruling on the motion to suppress, the district court held otherwise for two reasons. First, the court noted that § 25-2728(2)

also does not expressly exclude §§ 29-2317 to 29-2319, which sections permit a prosecuting attorney to "take exception to any ruling or decision of the county court made during the prosecution of a cause," § 29-2317. The court stated that to require a prosecuting attorney to pay docket fees in reviews pursuant to §§ 29-2317 to 29-2319 would be "contrary to legislative intent." As we indicated above, we are perplexed by this reasoning.

We find no basis for the court's conclusion that requiring a prosecuting attorney to pay a docket fee when seeking a review pursuant to §§ 29-2317 to 29-2319 is contrary to legislative intent. Sections 29-2317 to 29-2319 contain no language specifically addressing whether a prosecuting attorney need not pay a docket fee. Furthermore, we find the Legislature's recognition in § 25-2728(1) of a prosecuting attorney's right to obtain review by exception proceedings pursuant to §§ 29-2317 to 29-2319, and then its omission of those sections from § 25-2728(2), indicative of an intent that the docket fee requirement contained in § 25-2729 *does* apply to §§ 29-2317 to 29-2319.

In addition, a review of the sections that § 25-2728(2) states are excluded from the application of §§ 25-2728 to 25-2738 reveals that their exclusion does not mean that a docket fee need not be filed. In fact, subsections (b) to (f) of § 25-2728(2) all involve statutes which provide for appeal from a county court *to the Court of Appeals in the same manner as an appeal from a district court to the Court of Appeals.* Subsection (a) of § 25-2728(2) refers to statutes for eminent domain proceedings. Those statutes specifically provide that a party may appeal by filing a notice of appeal in the county court within 30 days and that

> [w]ithin thirty days after the filing of such notice of appeal, the county judge shall prepare and transmit to the clerk of the district court a duly certified transcript of all proceedings had concerning the parcel or parcels of land as to which the particular condemnee takes the appeal *upon payment of the fees provided by law for preparation thereof.*

(Emphasis supplied.) Neb. Rev. Stat. § 76-717 (Reissue 2003). See, also, Neb. Rev. Stat. § 76-715 (Reissue 2003).

■ It is clear to this court that § 25-2728(2) states that §§ 25-2728 to 25-2738, the procedural rules for appeals from county court to district court, do not apply to the sections specified

in § 25-2728(2) because other procedural rules—either those for appeals from district court or others provided for in the specified sections—apply. We note that the procedural rules for appeals from district court *do* require the filing of a docket fee. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002). Accordingly, we find that the Legislature's omission of §§ 29-824 to 29-826 from § 25-2728(2) indicates an intent that § 25-2729 apply to §§ 29-824 to 29-826.

We also point out that Neb. Rev. Stat. § 33-106 (Reissue 1998) provides in relevant part:

> In addition to the judges['] retirement fund fee and the fee provided in [Neb. Rev. Stat. §] 33-106.03 [(Reissue 1998)] and *except as otherwise provided by law,* the fees of the clerk of the district court shall be as follows: There shall be a docket fee of forty dollars for each civil and criminal case except (1) a case commenced by filing a transcript of judgment as hereinafter provided, (2) proceedings under the Nebraska Workers' Compensation Act and the Employment Security Law, when provision is made for the fees that may be charged, and (3) a criminal case appealed to the district court from any court inferior thereto as hereinafter provided. There shall be a docket fee of twenty-five dollars for each case commenced by filing a transcript of judgment from another court in this state for the purpose of obtaining a lien. *There shall be a docket fee of twenty-five dollars for each criminal case appealed to the district court from any court inferior thereto.*

(Emphasis supplied.) We find that this statute is also indicative of a legislative intent that the State pay a docket fee when appealing pursuant to statute, unless otherwise prohibited by law. Further, we find nothing within §§ 29-824 to 29-826 which would prohibit the State from paying a docket fee when appealing an order of the county court.

The second reason the district court held that § 25-2729 does not apply to appeals pursuant to §§ 29-824 to 29-826 was on the basis of *State v. Bailey,* 225 Neb. 66, 402 N.W.2d 319 (1987). Quoting *Bailey,* the district court stated that the Nebraska Supreme Court's only pronouncement on the issue is, " 'The only requirement to vest jurisdiction in [the Supreme Court] on a

[§] 29-824 appeal is to file in the district court the notice required by [§] 29-826 within the time fixed by that court, but not to exceed 10 days from the entry of the order of suppression.' " In the case at bar, the district court concluded that the Supreme Court's statement in *Bailey* was dispositive on whether the State must pay a docket fee when appealing under §§ 29-824 to 29-826, until the Supreme Court "revisits [the issue] and finds it did not mean what it said or say what it meant."

We find that the district court's interpretation of *Bailey* was incorrect. First, the issue in *Bailey* was whether the State's notice was sufficient and was filed within the proper time. In fact, in *Bailey*, the State had filed a $50 docket fee when it filed its notice of appeal.

Furthermore, the Supreme Court in *Bailey* did not state that the application of procedures contained within §§ 29-824 to 29-826 superseded the application of procedures contained within § 25-1912, which is the equivalent of § 25-2729 for an appeal from district court. We find that the requirements contained in §§ 29-824 to 29-826 are in addition to the requirements contained in § 25-2729. This is logical because of the purpose of these different sections.

Section 29-824 provides the *right* of a prosecuting attorney to appeal certain orders. In the absence of specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Jones*, 264 Neb. 812, 652 N.W.2d 288 (2002) (citing *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000)). Section 25-2729, on the other hand, is purely procedural in nature and applies generally to appeals from county court.

To the extent the State is authorized to appeal an adverse ruling in a criminal case, the appeal is to be taken in accordance with, and is constrained by, the terms of the statute authorizing the appeal. *Jones, supra* (citing *State v. Baird*, 238 Neb. 724, 472 N.W.2d 203 (1991)). Sections 29-824 to 29-826 provide certain terms that a prosecuting attorney must comply with when appealing under those sections, such as with which court to file the application for review, by what time the application for review must be filed, and what items of the record must be attached to the application for review.

We can find no case law stating that when the State is taking an appeal in accordance with statute and is constrained by the terms of that statute, the State is *not* constrained by other statutes generally governing appeal procedures. In addition, nothing in §§ 29-824 to 29-826 suggests that those sections completely supersede the requirements contained in § 25-2729. The only requirement within § 25-2729 that is necessarily superseded by §§ 29-824 to 29-826 is the time limit within which the State must file its application for review. Section 29-826 places a *more stringent* time limit on the State, thus superseding the time limit specified in § 25-2729.

Sections 29-824 to 29-826 are silent, however, with regard to paying a docket fee. We find that this silence simply means that there is not a more stringent requirement placed upon the State than the standard requirement for appeals. Further, we can find no reason why the State would have a more stringent requirement with regard to time in which to file an appeal, but a less stringent requirement with regard to paying a docket fee, particularly when §§ 29-824 to 29-826 are silent on this matter. Furthermore, as stated above, § 25-2728(2) does not expressly exclude §§ 29-824 to 29-826 from the requirements contained within § 25-2729.

Accordingly, we hold that where the State is appealing an order of a county court granting a motion for the return of seized property or to suppress evidence pursuant to §§ 29-824 to 29-826, the State must comply with the standard procedures for appeal as provided in § 25-2729, as well as with the requirements specified within §§ 29-824 to 29-826. Failure to do so deprives the district court of subject matter jurisdiction to review the order. In the case at bar, the State failed to pay its docket fee as required by § 25-2729 and thus failed to perfect its appeal. Consequently, the district court was without jurisdiction to reverse the county court's order suppressing evidence.

### 3. TIMELY NOTICE OF APPEAL

Even if the State had paid its docket fee in this case, there is yet another reason why the State's appeal must be dismissed. As stated above, § 29-826 provides in relevant part:

> In making an order granting a motion to suppress . . . the trial court shall in such order fix a time, *not exceeding ten*

*days,* in which the county attorney . . . may file a notice with the clerk of such court of his or her intention to seek a review of the order.

(Emphasis supplied.)

In the case at bar, the record does not reflect that the county court fixed a time in which the State could appeal. Accordingly, pursuant to § 29-826, the State was required to file notice of its intention to seek review of the order within 10 days. The court's order was entered Friday, July 26, 2002, making the filing deadline under § 29-826 Monday, August 5. The State, however, did not file its "Notice of Appeal in Order to Seek Review of Order to Suppress Evidence" until Wednesday, August 7. Therefore, the State failed to timely file its appeal under § 29-826, and because failure to timely file an appeal under that statute deprives a district court of jurisdiction to hear the State's appeal, the district court did not have jurisdiction to hear the appeal at issue. See *State v. Bailey,* 225 Neb. 66, 402 N.W.2d 319 (1987).

### V. CONCLUSION

For the reasons stated above, we find that the district court did not have subject matter jurisdiction over the State's appeal of the county court's order granting McArthur's motion to suppress evidence. Accordingly, we reverse the holding of the district court that reversed the county court's order to suppress evidence. We remand the case with directions to reinstate the original order of the county court to suppress evidence and for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.